UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARAVANTES, an individual,<br><br>                              Plaintiff,<br><br>  vs.<br><br>CALIFORNIA RECONVEYANCE COMPANY, a California corporation; WASHINGTON MUTUAL BANK, FA, a Federal Savings Bank organized and existing under the laws of the United States; CHASE HOME FINANCE LLC, a Delaware Limited Liability Company; VREJ JOUKADARIAN, an individual, CLEMENTS J. DURKIN, an individual, DEBORAH BRIGNAC, an individual, ANN THORN, an individual, and DOES 1-20, inclusive,<br><br>                             Defendants. | CASE NO. 10-CV-1407 - IEG (AJB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Doc. No. 11] |

      Presently before the Court is a motion to dismiss brought by Defendants California Reconveyance Company, JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver, and Chase Home Finance LLC (collectively "Defendants"). (Doc. No. 11.) In his Complaint, Plaintiff has asserted thirteen separate causes of action stemming from Defendants' conduct in issuing a mortgage loan and, upon Plaintiff's default, initiating non-judicial foreclosure proceedings. (See Doc. No. 1.) For the reasons described herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

**BACKGROUND**

Plaintiff became the owner of property located at 5189 Argonne Court, San Diego, CA 92117 on or about August 15, 2007. (See Compl. ¶¶ 5, 18.) He acquired the property via a loan from Defendant Washington Mutual Bank, F.A. ("WaMu"). (Id. ¶ 18.) The corresponding Deed of Trust was recorded in San Diego on August 27, 2007. (Id. ¶ 19.) The Deed of Trust identified Defendant WaMu as the lender and Defendant California Reconveyance Company ("CRC") as the trustee. (Id.) Plaintiff alleges that when the loan was consummated, he did not receive all of the required documents and disclosures, including the Truth in Lending Disclosure statement containing required material disclosures and the required number of copies of the Notice of Right to Cancel containing the date that the rescission period expires. (Id. ¶ 20.)

Subsequently, Plaintiff appears to have experienced problems in making his loan payments when his income decreased dramatically in 2008. (Id. ¶ 21.) In September 2008, after Defendant WaMu closed, Plaintiff alleges he received a form letter stating that Defendant WaMu had become Defendant JPMorgan Chase Bank ("JPMorgan"). (Id. ¶ 22.) The letter did not state anything about whether Defendant JPMorgan was now the beneficiary under the Deed of Trust, nor has Plaintiff received any other notice of any change in beneficiary. (Id.) Plaintiff subsequently received statements from Defendant Chase Home Finance ("Chase"), and he directed payments to Defendant Chase, assuming that Chase was the new servicer of his loan. (Id.)

In or around November 2009, Plaintiff received a letter from Chase Home Ownership Preservation Office stating that many Americans are experiencing difficulty with their mortgage payments and that *if* Plaintiff was experiencing financial difficulty, there were some options available to him that would assist him with making payments. (Compl. ¶ 23.) Plaintiff subsequently received several of such letters. (Id.) According to Plaintiff, none of these letters discussed Plaintiff's actual financial situation. (Id.)

On January 25, 2010, Defendant Chase mailed to Plaintiff a letter titled "Notice of Collection Activity," alleging Plaintiff was in default under the terms of his loan. (Id. ¶ 24; Def.'s Request for Judicial Notice ("RJN"), Ex. 3.) The letter did not attempt to discuss any options available to Plaintiff to avoid foreclosure other than paying the full amount allegedly due. (Compl. ¶ 24.) On March 10,

2010, Defendant CRC recorded a Notice of Default on Plaintiff's property.  (Id. ¶ 25.)  The Notice of Default was accompanied by a Declaration of Compliance, which stated that the undersigned "tried with due diligence but was unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5.  Thirty days or more have elapsed since these due diligence efforts were completed."  (Id. ¶ 27.)  However, according to Plaintiff, except for the generic letters discussed above, none of Defendants sent any letters or made any phone calls to Plaintiff concerning his personal financial situation and options to avoid foreclosure that were specifically available to him.  (Id. ¶ 28.)

In March 2010, Plaintiff retained a mortgage auditing firm to analyze his loan.  (Compl. ¶ 29.) On March 23, 2010, Plaintiff sent a Qualified Written Request ("QWR") letter to Defendants CRC, JPMorgan, and Chase.  (Id. ¶ 30.)  The letter made several requests for documentation and information concerning Plaintiff's loan.  (Id.)  Defendant CRC acknowledged the receipt of the letter on March 26, 2010 and stated that it forwarded the letter to Defendant JPMorgan.  (Id. ¶ 31.)  Also on March 26, 2010, Defendant Chase acknowledged the receipt of Plaintiff's letter and indicated that a further response would be forthcoming.  (Id.)  On June 3, 2010, Defendant Chase responded to Plaintiff's letter, providing some of the requested information and indicating that other information was being withheld because it was either proprietary or unavailable.  (Id. ¶ 33.)

On June 11, 2010, Defendant CRC executed a Notice of Trustee's Sale, indicating that the sale was scheduled for July 6, 2010 at 10:00 a.m.  (Id. ¶ 34.)  The sale was subsequently postponed until July 12, 2010 at 10:00 a.m.  (Id.)  The Notice of Trustee's Sale was accompanied by a Declaration Pursuant to California Civil Code Section 2923.54, indicating that the undersigned loan servicer has complied with the requirements under Section 2923.54.  (Id. ¶ 35.)

Plaintiff filed suit, along with a motion for a temporary restraining order ("TRO"), in this Court on July 6, 2010.  Plaintiff filed a motion for a preliminary injunction on July 7, 2010.  The Court granted a TRO on July 8, 2010 and granted a preliminary injunction on July 27, 2010.  Defendants filed the present motion to dismiss on July 30, 2010, and Plaintiff filed a response in opposition on September 24, 2010.

**DISCUSSION**

**I.     Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949, 173 LED.2d 868 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949, 173 LED.2d 868 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 LED.2d 723 (1983).

**II.     Analysis**

    **A.     Defendant JPMorgan's Assumption of Liability**

As an initial matter, Defendants argue that Plaintiff's claims based on the alleged wrongdoings of WaMu fail as asserted against JPMorgan. Defendants argue that the Purchase and Assumption Agreement ("P & A Agreement") entered into with the Federal Deposit Insurance Corporation

("FDIC") establishes that JPMorgan expressly did not assume WaMu's liabilities relating to borrower claims. See Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint ("Def.'s Mot.") at 3-4.

Under the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811-1832(d), the FDIC may accept appointment as a receiver for any closed insured depository institution. 12 U.S.C. § 1821(c). As a receiver, "the FDIC . . . 'steps into the shoes' of the failed [financial institution]" and operates as its successor. O'Melveny & Myers v. F.D.I.C., 512 U.S. 79, 86 (1994); see also 12 U.S.C. § 1821(d)(2)(A)(i), (B)(i) (providing that when it becomes a receiver, the FDIC succeeds to "all rights, titles, powers, and privileges of the insured depository institution" and may "take over the assets of and operate the insured depository institution"). The FDIC then has "broad powers to allocate assets and liabilities," such as through a P & A Agreement. West Park Assocs. v. Butterfield Sav. & Loan Ass'n, 60 F.3d 1452, 1459 (9th Cir. 1995). Absent an express transfer of liability, no liability is transferred from a failed bank to an assuming bank. See Kennedy v. Mainland Sav. Ass'n, 41 F.3d 986, 990-91 (5th Cir. 1994); Payne v. Sec. Sav. & Loan Ass'n, F.A., 924 F.2d 109, 111 (7th Cir. 1991); Williams v. F.D.I.C., 2009 WL 5199237, at *2 (E.D. Cal. Dec. 23, 2009).

In this case, the Office of Thrift Supervision closed WaMu on September 25, 2008 and appointed the FDIC as WaMu's receiver. On the same day, JPMorgan acquired certain assets and liabilities of WaMu pursuant to a P & A Agreement. See RJN, Ex. 4. Section 2.5 of the agreement provides: "any liability associated with borrower claims . . . related in any way to any loan or commitment to lend made by the Failed Bank [WaMu] prior to failure . . . are specifically not assumed by the Assuming Bank."[1] See id. Accordingly, Section 2.5 establishes that JPMorgan has expressly not assumed WaMu's liabilities relating to borrower claims. See Yeomalakis v. FDIC, 562 F.3d 56,

---

[1] Section 2.5 states in full: Borrower Claims. Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extrajudicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

62 (1st Cir.2009) (finding that Section 2.5 of JPMorgan's agreement with the FDIC retained for the FDIC "any liability associated with borrower claims"); <u>Hilton v. Wash. Mut. Bank.</u>, 2009 WL 3485953, at *2 (N.D.Cal. October 28, 2009) (same); <u>Cassese v. Wash. Mut. Bank</u>, 2008 WL 7022845, at *2-3 (E.D.N.Y. Dec.22, 2008) (same).

To the extent that Plaintiff's claims relate to the origination of the loan, Plaintiff's claims against JPMorgan fail. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's first, third and sixteenth causes of action (asserting violations of the Truth in Lending Act ("TILA"), Home Ownership and Equity Protection Act ("HOEPA"), and breach of fiduciary duty).

### B.  Violations of Real Estate Settlement Procedures Act

Plaintiff's second cause of action is for statutory damages, actual damages and attorney fees under the Real Estate Settlement Procedures Act ("RESPA") against Defendants WaMu, JPMorgan and Chase. Specifically, Plaintiff alleges Defendants violated RESPA during the loan closing and by their subsequent failure to respond to Plaintiff's QWR letter. <u>See</u> Compl. ¶¶ 55-65. In their motion to dismiss, Defendants maintain that JPMorgan and Chase cannot be held liable for purported violations of RESPA during the origination of the loan because they did not participate in the loan transaction. <u>See</u> Def.'s Mot. at 7. In addition, Defendants argue the Court must dismiss Plaintiff's RESPA claims because Plaintiff's damages allegations are insufficient. <u>Id.</u> at 7-8. They contend Plaintiff has not alleged facts demonstrating that Defendants made it a regular practice to ignore the provisions of RESPA, and Plaintiff has failed to allege he sustained pecuniary loss resulting from Defendants' alleged RESPA violations. <u>Id.</u>

As stated above, Plaintiff cannot maintain any claims related to the origination of the loan against Defendant JPMorgan because JPMorgan did not assume liability for borrower claims related to loans or commitments to lend made by WaMu when JPMorgan entered into P & A Agreement with the FDIC. The Court **DISMISSES WITH PREJUDICE** Plaintiff's RESPA claims to the extent they derive from the loan origination.

Separately, and apart from the loan origination, Plaintiff alleges Defendants failed to adequately respond to his QWR letter and claims entitlement to statutory and actual damages resulting

from such failure.  In order to recover statutory damages under 12 U.S.C. § 2605(f)(1)(B), a plaintiff must plead a pattern or practice of noncompliance with RESPA.  Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).  To recover actual damages under 12 U.S.C. § 2605(f)(1)(A), a number of courts have held a plaintiff must state allegations demonstrating pecuniary loss.  See, e.g., Amaral v. Wachovia Mortgage Corp., 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010) (dismissing RESPA claim because Plaintiff's damages allegation did not amount to a factual allegation, only a conclusory statement of law); Garcia v. Wachovia Mortgage Corp., 676 F. Supp. 2d 895, 909 (C.D. Cal. 2009) (same).

Here, Plaintiff alleges "Defendant WaMu has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA," and that "Plaintiff has suffered and continues to suffer damages . . ."  See Compl. ¶¶ 60, 61.  Aside from these general allegations, however, Plaintiff does not allege any specific facts sufficient to "raise [his] right to relief above the speculative level."  Twombly, 550 U.S. at 555.  The Court is not bound to accept as true legal conclusions couched as a factual allegations.  Iqbal, 129 S. Ct. at 1949-50.  Accordingly, because Plaintiff's allegations fall short, the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's third cause of action.

### C.     Violations of California Rosenthal Act

Plaintiff's fourth cause of action is for damages resulting from Defendants alleged violations of the California' Fair Debt Collection Practices Rosenthal Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.33 (2009), against Defendants CRC, WaMu, JPMorgan, and Chase Home Finance.  Plaintiff alleges Defendants violated the Rosenthal Act by threatening to take actions not permitted by law, including: "attempting to foreclose on a void security interest; causing to be recorded a Notice of Default and a Notice of Sale that they knew or should have known were irregular and thus invalid; and using unfair and unconscionable means in an attempt to collect a debt . . ."  Compl. ¶ 72.  Defendants argue that the act of foreclosure on the subject property does not constitute "debt collection" under the Rosenthal Act.  See Def.'s Mot. at 9-10.

To establish a claim under the Rosenthal Act, Plaintiff must establish Defendant is a "debt

collector" within the meaning of the Act. Numerous courts have held that foreclosing on a deed of trust does not constitute collection of a debt within the meaning of the Rosenthal Act. See, e.g., Ricon v. Reconstrust Co., 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009); Pittman v. Barclays Capital Real Estate, Inc., 2009 WL 110889, at *3 (S.D. Cal. April 24, 2009); Blanco v. Am. Home Mortg. Servicing, Inc., 2009 WL 4674904, at *4 (E.D. Cal. Dec. 4, 2009); Gallegos v. Reconstrust Co., 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009); Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Accordingly, because Plaintiff's claim is premised on Defendants' foreclosing on a deed of trust, his allegations are insufficient to establish any of the Defendants is a debt collector within the meaning of the Rosenthal Act. The Court therefore **DISMISSES WITH PREJUDICE** Plainitff's fourth cause of action.

### D. Slander of Title

Plaintiff's fifth and sixth causes of action are for slander of title against Defendants CRC, WaMu, JPMorgan, Joukardian, Durkin, Brignac, and Thorn. Specifically, Plaintiff alleges Defendants disparaged Plaintiff's title by preparing, submitting, publishing and recording the Notice of Default and the Notice of Sale. See Compl. ¶¶ 76, 85. Defendants maintain that their actions are privileged under California law. See Def.'s Mot. at 11-12.

The elements of the cause of the action for slander of title are: (1) publication, (2) falsity, (3) absence of privilege, and (4) disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss. Appel v. Burman, 159 Cal. App. 3d 1209, 1215 (Cal. Ct. App. 1984). Relevant here is whether there is an absence of privilege. Pursuant to Cal. Civ. Code § 2924(d), mailing, publication, delivery of notices, and performance of procedures related to and necessary to perform a non-judicial foreclosure sale are privileged.[2] Defendants' conduct in connection with recording the Notice of Default and Notice of Sale cannot constitute a basis for slander of title claims. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's fifth and

---

[2] Cal. Civ. Code § 2924(d) states, in relevant part: "All of the following shall constitute privileged communications . . . (1) The mailing, publication, and delivery of notices as required by this section. (2) Performance of the procedures set forth in this article. (3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure."

sixth causes of action.

### E. Civil Conspiracy

Plaintiff's seventh cause of action is for civil conspiracy against Defendants CRC, WaMu, JPMorgan, and Chase Home Finance. Plaintiff alleges Defendants "conspired and agreed to implement a scheme to defraud and victimize Plaintiff through the unlawful acts alleged herein." Compl. ¶ 93. Defendants contend Plaintiff fails to allege any fact as to the formation and operation of the alleged conspiracy. See Def.'s Mot. at 12-13.

Civil conspiracy is "not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 869 P.2d 454, 457 (Cal. 1994). The elements of civil conspiracy are (1) the formation and operation of the conspiracy, (2) a wrongful act done pursuant to the conspiracy, and (3) damage resulting to the plaintiff from the act. See id. "Plaintiff must allege facts showing the role each defendant allegedly played in the conspiracy . . ." Green v. Alliance Title, 2010 WL 3505072, at *12 (E.D. Cal. Sept. 2, 2010); Velasquez v. Chase Home Finance LLC, 2010 WL 3211905, at *5 (N.D. Cal. Aug. 12, 2010). In this case, Plaintiff's bare allegation that Defendants conspired to defraud Plaintiff is insufficient to raise his right to relief above a speculative level. See Twombly, 550 U.S. at 555. Accordingly, the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's seventh cause of action.

### F. Unfair Business Practices

Plaintiff's eighth cause of action seeks restitution, attorney fees and injunctive relief against all Defendants for unfair business practices in violation of the California Business & Professions Code § 17200. See Compl. ¶¶ 98-102. Defendants contend that Plaintiff lacks standing to assert an unfair business practices claim and, in the alternative, challenge the sufficiency of his allegations. See Def.'s Mot. at 14-15.

The Court evaluates the preliminary question of standing first. A private person has standing to assert an unfair competition claim only if he or she "has suffered injury in fact" and "has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. In this case,

1   accepting Plaintiff's allegations as true, he has adequately pled that he suffered an injury as a direct
2   result of Defendants' actions. See, e.g., Sullivan v. Wash. Mut. Bank, FA, 2009 WL 3458300, at *4-5
3   (N.D.Cal. Oct. 23, 2009) (concluding that the initiation of foreclosure proceedings put the plaintiff's
4   interest in her property sufficiently in jeopardy to allege an injury under § 17200); Rabb v. BNC
5   Mortgage, Inc., 2009 WL 3045812, at *2 (C.D. Cal. Sept. 21, 2009) (same). Accordingly, Plaintiff
6   has standing to assert an unfair business practices claim.

7   The question remains, however, whether Plaintiff's allegations suffice to state an unfair
8   business practices claim. Section 17200 defines unfair competition as "any unlawful, unfair or
9   fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal.
10  Bus. & Prof. Code § 17200. Because the statute is written in the disjunctive, it prohibits three separate
11  types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3)
12  fraudulent acts or practices. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 973 P.2d 527, 540
13  (Cal. 1999). A plaintiff alleging unfair business practices under Section 17200 "must state with
14  reasonable particularity the facts supporting the statutory elements of the violation." Fortaleza v. PNC
15  Financial Servs. Group, Inc., 642 F. Supp. 2d 1012, 1019 (N.D. Cal. 2009) (internal quotation marks
16  and citation omitted); see also Khoury v. Maly's of Cal., 14 Cal. App. 4th 612, 619 (Cal. Ct. App.
17  1993).

18  In this case, Plaintiff fails to differentiate between the different Defendants and also fails to
19  explain how Defendants' actions were unlawful, unfair, and/or fraudulent. This is insufficient to
20  provide Defendants with notice of the claims against them. See Fortaleza, 642 F. Supp. 2d at 1020
21  (dismissing Section 17200 claim because plaintiff failed to allege "with 'reasonable particularity' the
22  facts surrounding any purportedly fraudulent statements made by defendants-i.e., the who, what,
23  where, and when of such statements"). Accordingly, the Court **GRANTS** the motion to dismiss in this
24  regard and **DISMISSES WITH LEAVE TO AMEND** Plaintiff's eighth cause of action.

25

26  **G.    Violation of RICO**
27  Plaintiff's ninth, tenth, eleventh and twelfth causes of action arise under the Racketeering
28  Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq. Plaintiff alleges that
    Defendants "conducted and participated, directly or indirectly, in the conduct of the affairs of said

1  enterprise through a pattern of racketeering activity" and that the "predicate acts which constitute this
2  pattern of racketeering activity were part of a scheme to wrongfully foreclose upon the Property
3  without legal right[.]" See Compl. ¶¶ 105, 106, 112, 113, 119, 120, 126, 127. Defendants assert that,
4  "like the previous claims," Plaintiff RICO claims are based on mere conclusory allegations. See Def.'s
5  Mot. at 16. Defendants argue that Plaintiff has not set forth specific facts regarding the alleged
6  "predicate acts" Defendants committed or the "enterprise" they are alleged to comprise. See id. at 16-
7  17.
8         To state a civil claim under RICO (18 U.S.C. § 1964), a complaint must allege (1) conduct (2)
9  of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5)
10 causing injury to plaintiff's business or property. Living Designs, Inc. v. E.I. DuPont de Nemours &
11 Co., 431 F.3d 353, 361 (9th Cir. 2005). Here, Plaintiff has insufficiently pled the predicate acts
12 constituting the alleged RICO violations. Plaintiff merely incorporates the preceding allegations in
13 the Complaint and alleges, in conclusory fashion, that "[t]he predicate acts which constitute a pattern
14 of racketeering activity were part of a scheme to wrongfully foreclose upon the Property without legal
15 right, and therefore acquire title to the property through deception and fraud, for the profit of the
16 enterprise described herein." See Compl. ¶¶ 106, 113, 120, 127. He has pled no facts to demonstrate
17 how Defendants committed these offenses. See Savage v. Council on American-Islamic Rels., Inc.,
18 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding a RICO claim was insufficient wherein
19 plaintiff set forth "a redundant narrative of allegations and conclusions of law, but makes no attempt
20 to allege what facts are material to his claims under the RICO statute, or which facts are used to
21 support what claims under particular subsections of RICO"). Accordingly, the Court **DISMISSES**
22 **WITH LEAVE TO AMEND** Plaintiff's ninth, tenth, eleventh and twelfth causes of action.
23
24       **H.**    **Violation of Cal. Civ. Code § 2923.5**
25        In his thirteenth cause of action, Plaintiff alleges a violation of California Civil Code § 2923.5
26 against Defendants WaMu, JPMorgan, and CRC. Plaintiff alleges Defendants did not attempt to
27 contact him by phone prior to filing the notice of default ("NOD"), and therefore failed to exercise due
28

1  diligence.[3] See id. ¶¶ 134, 135. Defendants offer a declaration of compliance that accompanies the
2  NOD, and they contend the declaration shows conclusively that Defendants complied with Section
3  2923.5. See Def.'s Mot. at 18.
4      A notice of default ("NOD") filed pursuant to Section 2924 "shall include a declaration that
5  the mortgagee, trustee, beneficiary, or authorized agent has contacted the borrower, has tried with due
6  diligence to contact the borrower as required by this section, or that no contact was required pursuant
7  to subdivision (h)." Cal. Civ. Code § 2923.5(b). The question here is whether Defendants tried with
8  due diligence to contact the borrower. Among other requirements, the exercise of "due diligence"
9  pursuant to subdivision (g) requires the lender to send a first-class letter, to attempt to contact the
10 borrower by telephone at least three times at different hours and on different days and, if the foregoing
11 is unsuccessful, to send a certified letter, with return receipt requested. See Cal Civ. Code § 2923.5(g).
12     The declaration of compliance attached to the NOD recites that "[t]he mortgagee, beneficiary
13 or authorized agent tried with due diligence but was unable to discuss the borrower's financial
14 situation and to explore options for the borrower to avoid foreclosure in compliance with Cal. Civ.
15 Code Section 2923.5." See RJN, Ex. 3. As Defendants note, "the court may disregard allegations in
16 the complaint if contradicted by facts established by exhibits attached to the complaint." Sumner Peck
17 Ranch, Inc. v. Bureau of Reclamation, 823 F. Supp. 715, 720 (E.D. Cal. 1993) (citing Durning v. First
18 Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987)).
19     In the present case, however, the parties dispute the accuracy of the declaration. Where factual
20 findings or the contents of the documents are in dispute, those matters of dispute are not appropriate
21 for judicial notice. See Darensburg v. Metropolitan Transp. Comm'n, 2006 WL 167657, at *2 (N.D.
22 Cal. Jan. 20, 2006) (citing Del Puerto Water Dist. v. U.S. Bureau of Reclamation, 271 F. Supp. 2d
23 1224, 1234 (E.D. Cal. 2003); United States v. Southern California Edison Co., 300 F. Supp. 2d 964,
24 974 (E.D. Cal. 2004)). In reference to the declaration, Plaintiff objects that his Complaint "clearly
25 states the declaration was false and that he was never contacted by anyone . . ." Pl.'s Opp'n at 3.

---

[3] Plaintiff also alleges the declaration of the Notice of Default was signed by Defendant Durkin for JPMorgan, and that JPMorgan is not the beneficiary as described in the Notice of Default ("NOD"). See Compl. ¶ 133. Defendants maintain that the NOD is not invalid based on the mere fact that a representative of JPMorgan executed the declaration. Def.'s Mot. at 18. The Court addresses this issue in its analysis of Plaintiff's fifteenth cause of action for violation of Cal. Comm. Code §§ 3301 et seq., in Part II-J of this Discussion.

Notwithstanding the contents of the declaration, Plaintiff alleges Defendants did not attempt to contact him by phone prior to filing the NOD. See Compl. ¶¶ 134, 135. Accordingly, because the parties dispute the validity of the declaration of compliance, the Court concludes Plaintiff's allegations are sufficient at this stage and **DENIES** Defendant's motion to dismiss Plaintiff's thirteenth cause of action.

### I.     Violation of Cal. Civ. Code § 2923.54

Plaintiff's fourteenth cause of action is for violation of California Civil Code § 2923.54 against Defendants WaMu, JPMorgan, and CRC. Plaintiff alleges Defendants' Section 2923.54 declaration is invalid because it was neither signed nor dated by Defendant Thorn for Defendant JPMorgan. See Compl. ¶ 139. Defendant argues that its declaration fully complies with the requirements of Section 2923.54. See Def.'s Mot. at 19 (referencing RJN, Ex. 3).

Section 2923.54 requires a Notice of Sale to include a declaration from the loan servicer stating whether it "has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed," and whether the longer timeframe for giving notice specified in Section 2923.52(a) does not apply pursuant to Section 2923.52 or 2923.55. Cal. Civ. Code § 2923.54(a).

Here, in contrast with the NOD Declaration under Section 2923.5, Plaintiff does not dispute the accuracy of the Notice of Sale declaration. See Pl.'s Opp'n at 3. Rather, Plaintiff objects to its form, in effect suggesting it must adhere to California Civil Procedure Code § 2015.5, which contains certain requirements for unsworn declarations whenever the law prescribes that matters are required to be evidenced by a sworn declaration.[4] By its terms, however, Section 2923.54 does not require a sworn declaration, cf. Mabry v. Super. Ct., 185 Cal. App. 4th 208, 234 (Cal. Ct. App. 2010) (concluding that Section 2015.5's definition did not apply to the use of the word "declaration" in California Civil Code § 2923.5). As Defendants maintain, the Notice of Sale included a statement

---

[4] Under that provision, whenever any law requires something to be supported by a sworn declaration, such matter may instead be supported by an unsworn declaration if it recites that it is certified or declared "to be true under penalty of perjury," is "subscribed" by the declarant, and "(1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California." See Cal. Civ. Proc. Code. § 2015.5.

1 titled "Declaration Pursuant to California Civil Code Section 2923.54" from Ann Thorn on behalf of
2 Defendant JPMorgan that appears to comply with Section 2923.54. See RJN, Ex. 3. Accordingly, the
3 Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's fourteenth cause of action.

### J. Violation of Cal. Comm. Code §§ 3301 et seq.

Plaintiff's fifteenth cause of action is for violation of California Civil Code §§ 3301 et seq. against Defendant JPMorgan. Plaintiff alleges Defendant JPMorgan is not the "person entitled to enforce" the security interest on the property. See Compl. ¶ 145. Defendants argue that, as the loan servicer under the deed of trust, JPMorgan was authorized to enforce the deed of trust. See Def.'s Opp'n at 19.

California Commercial Code § 3301 provides that a "person entitled to enforce" an instrument includes "the holder of the instrument" as well as "a nonholder in possession of the instrument who has the rights of a holder." In California, the instrument most commonly used to secure a promissory note given for a real property loan is a deed of trust, which effectively gives the creditor a lien on the secured property to satisfy the obligation under the note if it is not paid. Alliance Mortg. Co. v. Rothwell, 10 Cal. 4th 1226, 1235 (Cal. 1995). California law specifically authorizes the trustee, beneficiary, *or any of their authorized agents* to record the notice of default or the notice of sale under a deed of trust. Cal. Civ. Code §§ 2924(a)(1), 2924b(b)(4). Accordingly, as a servicer of the subject loan in this case, JPMorgan had the authority to record the Notice of Default and to enforce the power of sale under the Deed of Trust. Accordingly, the Court **GRANTS** the motion to dismiss in this regard and **DISMISSES WITH PREJUDICE** Plaintiff's fifteen cause of action.

//
//
//
//
//
//
//

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the moving Defendants' motion to dismiss. Specifically, the Court **ORDERS** as follows:

- The following causes of action are **DISMISSED WITH PREJUDICE**: (1) the first, third fifteenth and sixteenth causes of action as to Defendant JPMorgan; (2) the second cause of action as to Defendant JPMorgan, insofar as it derives from the loan origination; (3) the fourth, fifth, and sixth causes of action as to all moving Defendants.

- The following causes of action are **DISMISSED WITH LEAVE TO AMEND**: (1) the second cause of action for violation of RESPA as to all moving Defendants, insofar as it does not derive from the loan origination; (2) the seventh and eighth causes of action for civil conspiracy and unfair business practices, respectively; (3) the ninth, tenth, eleventh, and twelfth causes of action for violations of RICO; (4) the fourteenth cause of action for violation of Cal. Civ. Code § 2923.54.

- The motion to dismiss is **DENIED** as to the thirteenth cause of action for violation of Cal. Civ. Code § 2923.5.

If Plaintiff wishes to file an amended complaint, he should do so **within 21 days** of the filing of this Order. The amended complaint should only make the revisions discussed above, should omit any claims against Defendant JPMorgan that stem from the origination of the subject loan, should be a complete document without reference to any prior pleading, and should not add any new causes of action.

**IT IS SO ORDERED.**

**DATED: October 14, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**