David Caravantes, Pro Se
55189 Argonne Court
San Diego, California 92117
Tel: (858)490-1331
Fax: (858)490-9191

FILED

DEC 20 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DAVID CARAVANTES, an individual
    Plaintiffs,

vs.

CALIFORNIA RECONVEYANCE
COMPANY, a California corporation;
WASHINGTON MUTUAL BANK, FA, a
Federal Savings Bank organized and existing
under the laws of the United States;
JPMORGAN CHASE BANK, N.A. a
National Banking Association organized and
existing under the laws of the United States;
CHASE HOME FINANCE LLC, a Delaware
Limited Liability Company, VREJ
JOUKADARIAN, and individual,
CLEMENT J. DURKIN, an individual,
DEBORAH BRINGNAC, an individual,
ANN THORN, an individual, FEDERAL
DEPOSIT INSURANCE CORPORATION
aka F.D.I.C., organization of the United
States Government, and Does 2-20 inclusive,

Case No.: **10-CV-1407-IEG (AJB)**

**OPPOSITION TO DEFENDANTS
MOTION TO DISMISS THE
COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES**
[Fed. R. Civ. P. 12(b)(6)]

Date: January 3, 2011
Time:10:30 AM
Crtrm: 1

Judge: Hon. Irma E. Gonzalez
Complaint Filed: July 6, 2010
Trial Date: None

//

1

# <u>TABLE OF CONTENTS</u>

                                                                                    **PAGE**

I.   INTRODUCTION..................................................................................4

II.  LEGAL ANALYSIS

    A.  Standard of Review for FRCP 12(b)(6)..............................................4

III. Argument.........................................................................................5

    A.  The Complaint as it Stands Contains Sufficient Facts to Support a Cause of

        Action for Violations of RESPA...................................................5

            i.     The Complaint has Sufficient Facts to show that the

                 Plaintiff Suffered Actual Damage that is Related to

                 Defendant's Breach..........................................................5

            ii.    The Plaintiff has Plead Enough Facts to Show a Pattern

                 of Non-Compliance..........................................................6

    B.  The Complaint States Sufficient Facts to Support a Cause of Action for

        "Civil Conspiracy.".................................................................7

    C.  The Complaint States Sufficient Facts to Support a Cause of Action Under

        Business and Professions Code § 17200...........................................8

IV. CONCLUSION.................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE**

*Burrows v. Orchid Island TRS, LLC*, 2008 U.S. Dist. LEX 21120, 13-16 (S.D. Cal. 2008)............10

*Cahill v Liberty Mutual Ins Co*, 80 F3d 336, 337-38 (9th Cir 1996)......................................4

*Carswell v. JPMorgan Chase Bank, et al.*, CV10-5152-GW(PLAX)....................................6

*Chicago Title Ins. Co. v. Great Western Financial Corp.* 69 Cal.2d 305, (1968).........................8

*Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (Cal. App. 2d Dist. 2006).....10

*Emery v. Visa Internat. Service Assn.*, 95 Cal. App. 4th 952 (Cal. App. 3d Dist. 2002)..................9

*Holder v. Home Sav. & Loan Assn.* (1968) 267 Cal. App. 2d 91, 108 [72 Cal. Rptr. 704]...............8

*Jacobson v. Hughes Aircraft Co*. (9th Cir. 1997) 105 F.3d 1288, 1292.....................................4

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir. 1991).............................4

*Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993)........................................10

*Orion Tire Corp. v. Goodyear Tire & Rubber Co.* (9th Cir. 2001) 268 F.3d 1133, 1137................4

*Pegram v. Herdrich* (2000) 530 U.S. 211, 230, fn. 10........................................................4

*People v. Casa Blanca Convalesent Homes Inc,* 159 Cal. App.3d. 509, (1984) (*citing Spiegel, Inc. v. F.T.C.,* 540 F.2d. 287, 293)....................................................................................8

*Quelimane Co. v. Stewart Title Guaranty Co.,* 19 Cal. 4th 26, 46-47, 77 Cal. Rptr. 2d 709, 960 P.2d 513 (Cal. 1998)....................................................................................................10

*Nguyen v. Chase, et al.,* CV09-4589-AHM(AJWX)........................................................6

*United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981)................................4

*Victoria  v. JPMorgan Chase Bank, et al.,* S09-2059-LKK/KJM............................................6

*Wyatt v. Union Mortg. Co.,* 24 Cal. 773, 784 (1979).........................................................8

*Wyler Summit Partnership v Turner Broadcasting System, Inc,* 135 F3d 658, 661 (9th Cir 1998)......4

**RULES**

FRCP 12(b)(6)...........................................................................................................4

FRCP 8(a)(2)............................................................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff, In Pro Se, hereby submits this Opposition in response to Defendants Motion to Dismiss the First Amended Complaint (FAC).  In their Motion to Dismiss, Movants contend that Plaintiff has failed to state a claim on which relief can be granted.  In order to do so, they must rely on the presupposition that Plaintiff has no claim anywhere in his causes of action on which relief can be granted.  The complaint as it stands, does provide the necessary factual allegations to support the causes of action referenced in Defendant's motion and it appears Defendants are simply "going through the motions" of litigation in attempt to harass Plaintiff.

## STANDARD OF REVIEW

A.  THE LEGAL STANDARD FOR 12(b)(6) MOTIONS

A ruling that Plaintiff has failed to state a claim under Fed. Rules Civ. Pro. §12(b)(6) may be granted only in extraordinary circumstances. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Rule §8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief".  The party bringing a §12(b)(6) motion has the burden to show that Rule §8(a)(2) has not been met. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir. 1991) The court's role at the 12(b)(6) stage is not to evaluate the strength or weakness of claims. *Jacobson v. Hughes Aircraft Co.* (9th Cir. 1997) 105 F.3d 1288, 1292.  Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v Liberty Mutual Ins Co*, 80 F3d 336, 337-38 (9th Cir 1996); *Wyler Summit Partnership v Turner Broadcasting System, Inc*, 135 F3d 658, 661 (9th Cir 1998).

Furthermore, a Plaintiff's brief may always be used "to clarify allegations in her complaint whose meaning is unclear." *Pegram v. Herdrich* (2000) 530 U.S. 211, 230, fn. 10. "New" facts in Plaintiff's opposition must be considered to determine if to grant leave to amend or to dismiss with or without prejudice. *Orion Tire Corp. v. Goodyear Tire & Rubber Co.* (9th Cir. 2001) 268 F.3d 1133, 1137.

//

//

4

**ARGUMENT**

**A.      The Complaint as it Stands Contains Sufficient Facts to Support a Cause of Action for Violations of RESPA**

Defendants primarily argue that the RESPA cause of action in the FAC should be dismissed because Plaintiff has allegedly failed to show that Defendants breach of RESPA resulted in actual damages to Plaintiff.   Defendants also contend that Plaintiff has failed to allege any facts to support a theory that JPMorgan and Chase made it a regular practice to ignore RESPA provisions.  Plaintiff disputes these allegations as described below.

**i.   The Complaint has Sufficient Facts to show that the Plaintiff Suffered Actual Damage that is Related to Defendant's Breach**

The Defendant claims that Plaintiff's cause of action for violations of 12 U.S.C. § 2605 *ET SEQ.* does not state enough facts to support the claim and should therefore be dismissed.  However, even by the admission of the Defendants' motion, the Complaint clearly states that but for Defendants failure to provide an adequate response to Plaintiff's multiple QWR's he would not have needed to obtain a loan audit or possibly initiate litigation. *See* FAC, ¶ 66.

Defendants appear to argue that Plaintiff has incurred no actual damages as a result of their failure to respond to his QWRs.  The Plaintiff has a statutory right to this information. Therefore, the Defendant's failure and refusal to provide such information caused direct harm to the Plaintiff, for which the legislature has provided statutory damages.

Plaintiff clearly outlines in Paragraph 66 of the FAC the actual damages he has suffered as a result of Defendants failure to comply with RESPA's statutory right to a QWR response:

Plaintiff has suffered damages as a result of Defendant Chase Home Finance's inadequate response to his QWR and Defendant JPMorgan's failure to provide any sort of response to Plaintiff's QWR in that Plaintiff is now facing a foreclosure without having any understanding as to who holds his promissory note and the accompanying right to foreclose. **As a result Plaintiff has incurred costs in filing fees, a loan audit, and legal consultation in order to get determine his rights under the loan documents he signed.**  Defendant Chase Home Finance and Defendant JPMorgan's refusal to comply to Plaintiff's QWR request under RESPA has forced Plaintiff to file the present action so that he may demand the information previously requested through the discovery process and will have legal recourse in the event Defendants response to his discovery mirrors their response to his QWR.  Furthermore, Plaintiff is facing a foreclosure and believes that the

5

foreclosing entity does not hold the legal authority to foreclose. Some of the inquiries in Plaintiff's QWR specifically ask for information relating to assignment or transfer in the beneficial interest of the loan. Plaintiff did not receive any adequate responses to these requests and therefore if Plaintiff's home is indeed foreclosed upon, the lack of response on Defendants part as herein described would be a contributing factor in Plaintiff suffering a foreclosure of his home. (emphasis added) *See* FAC, ¶ 66.

While Plaintiff may not have an exact dollar amount stated in his FAC, he clearly does show how he specifically suffered damages as a result of moving Defendants inadequate responses and failure to respond to his subsequent QWR's in violation of RESPA. Furthermore, Defendants have threatened Plaintiff with a foreclosure of his home yet have still failed to provide him any information which shows they are entitled to foreclose on the property.

**ii.      The Plaintiff has Plead Enough Facts to Show a Pattern of Non-Compliance.**

The Complaint clearly states that "On March 23, 2010, Plaintiff sent a Qualified Written Request ("QWR") via certified mail to Defendant CRC, JPMorgan, and Chase Home Finance." *See* FAC, ¶ 29. Defendant CRC sent a letter to Plaintiff on March 26, 2010 acknowledging receipt of the QWR and stating that it had been forwarded to JPMorgan. On June 3, 2010 Chase Home Finance sent an incomplete response to the QWR which it repeatedly stated that the information or documentation requested was proprietary or unavailable. *See* FAC ¶ 7-8.

Given these facts it is reasonable to assume that all the Defendants received the QWR's. The Defendants in essence form a chain of entities dealing with Plaintiffs loan. CRC forwarded the letter to JPMorgan so they are in communication with each other. The only response from anyone in the chain was inadequate and claimed the information in the standard QWR to be "proprietary" in nature.

Therefore, JPMorgan was sent a QWR directly from Plaintiff and forwarded one from CRC, neither was responded to. This is enough to establish that there is a pattern of ignoring QWR's on Defendants' part in Plaintiff's one loan.

Additionally, Plaintiff, through his own research online, has discovered several instances in which moving Defendants failed to respond to a QWR or provided an inadequate response. *See Nguyen v. Chase, et al.*, CV09-4589-AHM(AJWX); *Carswell v. JPMorgan Chase Bank, et al.*, CV10-5152-GW(PLAX), *Victoria v. JPMorgan Chase Bank, et al.*, S09-2059-LKK/KJM. This further supports

6

1  Plaintiff's allegation that not only did Defendants engage in a pattern of non-compliance in his case, but in

2  other loans they service as well.

3        At this stage of litigation, the Plaintiff is still in the process of discovery.  It is fair to say that

4  given the current mortgage crisis it is very likely others have suffered from Defendants similar tactics

5  which Plaintiff hopes to prove, but has already discovered via his online research.

6        For the reasons stated Plaintiff respectfully requests that the Court Deny Defendants Motion to

7  Dismiss as it relates to his Second Cause of Action.

8  **B.      The Complaint States Sufficient Facts to Support a Cause of Action for "Civil Conspiracy."**

9        The Defendants appear to be arguing in their Motion to Dismiss the Civil Conspiracy Cause of

10  Action that in essence Plaintiff has failed to state specific facts to support those facts which Plaintiff has

11  plead in his FAC based upon information and belief.

12        The facts must be construed liberally at this stage of the pleadings and a liberal construction of the

13  paragraphs that support this cause of action may be based on information and belief and they are still

14  sufficient to support the cause of action if taken as true.  Plaintiff lays out the elements for a Civil

15  Conspiracy in his FAC and states specific facts to support each element.

16        First, Plaintiff must state facts to support the formation and operation of the conspiracy.  Plaintiff

17  outlines in the FAC how the parties are intermixed with one another, what role they play and states they

18  engaged in a common scheme to take advantage of unsophisticated homebuyers for financial gain. *See*

19  FAC ¶ 76-81.

20        Second, Plaintiff must state facts to support that wrongful acts were committed pursuant to the

21  conspiracy

22        Plaintiff outlines in the FAC that wrongful acts were committed per the conspiracy by describing

23  how Defendants issued predatory loans, failed to offer loan modifications in bad faith, instituted shoddy

24  and in some cases fraudulent foreclosure proceedings knowing that the property is not likely to sell to a

25  third party and Defendants can merely hang on to the properties and wait for the market to go back up and

26  sell them at a profit.  FAC ¶ 78-82.  While Plaintiff may not have evidence that all these allegations have

27  occurred yet, that is what the discovery process is for.

28

1    Thirdly, Plaintiff must state facts to support that damages have resulted from this conspiracy.

2 Plaintiff is currently facing the potential loss of his home, therefore damages could not be any more clear

3 in this case.

4    Finally, Defendants attempt to heighten the requirements for a cause of action for Civil Conspiracy

5 by cherry picking portions of the *Wyatt* Court's opinion. Defendants conclude under *Wyatt:* "[t]hus,

6 conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortuous

7 scheme with knowledge of its unlawful purpose. *Wyatt v. Union Mortg. Co.*, 24 Cal. 773, 784 (1979)

8    However  it was held that for the purposes of a cause of action for Civil Conspiracy,  concurrence

9 and knowledge maybe inferred.  "…the requisite concurrence and knowledge """may be inferred from the

10 nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other

11 circumstances."" *Chicago Title Ins. Co. v. Great Western Financial Corp.* (1968) 69 Cal.2d 305, 316 [70

12 Cal. Rptr. 849, 444 P.2d 481]. Tacit consent as well as express approval will suffice to hold a person liable

13 as a coconspirator. *Holder v. Home Sav. & Loan Assn.* (1968) 267 Cal. App. 2d 91, 108 [72 Cal. Rptr.

14 704]. *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 785 (Cal. 1979)

15    If these facts are construed in the light most favorable to Plaintiff they are sufficient to show that

16 Defendants engaged in civil conspiracy. Additionally, an accurate reading of the on point case suggests

17 that Defendants attempted to impose elements and pleading requirements that are unfounded in order to

18 move for dismissal. Furthermore at this stage of litigation discovery is still in process and the Plaintiff

19 expects to find more facts to support this claim at which point they will be made available to this court.

20 **C.    The Complaint States Sufficient Facts to Support a Cause of Action Under Business and**

21 **Professions Code § 17200.**

22    Defendant's Motion to Dismiss states that Plaintiff fails to plead factual allegation which would

23 support a claim under violations of Business and Professions Code § 17200, et seq.  According to

24 Defendants Motion "[A]n 'unfair' business practice occurs when it offends an established public policy or

25 when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."

26 *People v. Casa Blanca Convalesent Homes Inc,* 159 Cal. App.3d. 509, (1984) (*citing Spiegel, Inc. v.*

27 *F.T.C.*, 540F.2d. 287, 293)

28    ///

8

Given that definition, it is clear to see that it is unfair for a business to not respond to a valid request for information under statutory law and keep Plaintiff in the dark in regards to details about his loan.  *See* FAC ¶ 87.  The Defendants would have you believe that they have done nothing wrong, however put into a different context the offense is clear.  If a customer walked into the banking institution to inquire about the available funds in their account and were rebuffed and the bank refused to give them the information it would be clearly offensive to the law, public policy, and unethical.  This is exactly what the Defendants have done, a customer, in this case the Plaintiff, requested information about his account and was rebuffed by every member of the lending chain, some after multiple requests.  This is clearly "unfair' at best as described above.

Further, despite Defendants' assertion to the contrary "[t]he determination of whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications, and motives of the alleged wrongdoer."  *Emery v. Visa Internat*, Service Assn., 95 Cal. App. 4th 952 (Cal. App. 3d Dist. 2002)

Thus when Defendants actions are viewed in their entirety through the lens provided in *Emery,* it is clear that business practices alleged are 'unfair."  Moreover, considering that the *Emery* Court recognizes that the alleged 'unfair' acts should be balanced against the "reasons, justifications, and motives of the alleged wrongdoer,"  it appears that Defendants have failed to sufficiently plead any "reasons, justifications, and[/or] motives…" that would serve to balance against the harmful impact of said actions to the Plaintiff.  When viewed in this light, Plaintiff's FAC is clearly illustrative of the impact of Defendants' business practices upon the Plaintiff.

Defendant CRC appears to dispute that Paragraph 89 of the FAC which states that CRC has violated Section 17200 by "failing to conduct a diligent investigation as to the validity of said foreclosure for pecuniary gain" constitutes any sort of "unfair" business practice.  The Trustee's purpose is to be a neutral third party charged with the duty of conducting foreclosure proceedings in cases where it is warranted.  Defendant CRC's failure to even question whether foreclosing Defendants even had the legal right to foreclose or whether the amounts stated in the Notice of Default were true and accurate.  To claim an alleged "neutral" trustee who simply does what the bank who is paying it says to do without question, is not an "unfair" business practice is suspect.

1    Defendants also cannot conveniently seem to find how violating RESPA and Defendant Brignac

2  signing a Declaration under penalty of perjury that is untrue and ultimately fraudulent is "unlawful". *See*

3  Defendants P&A's, page 6, lines 18-21. Further, Defendants appear to have intentionally cherry picked

4  how the term "fraudulent" is to be used under the UCL. Defendants' P&A's page 6, lines 25-26 states

5  "[i]n addition, the term "fraudulent," as used in the UCL, requires a showing that members of the public

6  are likely to be deceived. However, Defendants failed to include the context of their citation which

7  expands upon this description of "fraudulent" under the UCL. "Unlike common law fraud, a violation of

8  the unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et seq.) can be shown even without

9  allegations of actual deception, reasonable reliance and damage. The term "fraudulent," as used in the

10  UCL, requires only a showing that members of the public are likely to be deceived." *Daugherty v.*

11  *American Honda Motor Co., Inc.,* 144 Cal. App. 4th 824 (Cal. App. 2d Dist. 2006) As discussed above,

12  Defendants have violated RESPA. If Defendants cannot see how signing a fraudulent declaration under

13  penalty of perjury is "unfair" or "unscrupulous", Plaintiff is at a lost as to what other facts are required to

14  support this cause of action.

15    Finally, Defendants wrongfully claim that "[i]n alleging a claim for unlawful business practice

16  under Section 17200, the plaintiff must allege <u>facts</u> to demonstrate that the practice violates the underlying

17  law, or 'borrowed claim.' *See, Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993)."

18  However, what Defendants have failed to acknowledge is that the above cited standard was reconsidered

19  by the California Supreme Court in 1998, five years after the above cited case was opined.  It was held by

20  the Supreme Court of California that, "contrary to the suggestion . . . that the court may require fact-

21  specific pleading [in UCL claims], the well-settled rule is otherwise except in pleading fraud." *Quelimane*

22  *Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 46-47, 77 Cal. Rptr. 2d 709, 960 P.2d 513 (Cal. 1998).

23  This standard was later utilized by the *Burrows* Court when they held, "[i]t is, therefore,  [*16] clear that

24  Plaintiff does not have to plead the alleged UCL violations with particularity." *Burrows v. Orchid Island*

25  TRS, LLC, 2008 U.S. Dist. LEXIS 21120, 13-16 (S.D. Cal. Mar. 18, 2008)

26    Defendants appear to be intentionally ignoring the specific facts contained in Plaintiff's complaint

27  which paint an overall picture of unethical and unscrupulous behavior committed by the Defendants.

28  Additionally, Defendants appear to have cherry picked and misrepresented case law in order to support

their motion to dismiss. When the FAC is read as a whole, it is clear that Plaintiff has plead sufficient facts

10

1  to illustrate Defendants wrongdoing, all of which constitute an Unfair Business Practice under California

2  law.

3  **CONCLUSION**

4      It is Plaintiff's belief that Defendants are simply going through the motions of litigation and do not

5  have any real basis for their Motion to Dismiss.  Furthermore, Plaintiff believes that the Defendants are

6  using their superior resources to try and discourage Plaintiff from pursuing his rights in this litigation.  It is

7  Plaintiff's position that sufficient facts have been plead to support his FAC causes of action and

8  Defendants did not bring this motion in good faith.

9      Plaintiff requests that in the event the Court acknowledges any deficiencies in the FAC, he be

10  granted leave to amend the complaint to address such deficiencies, however ultimately Plaintiff

11  respectfully requests that the Court deny Defendants Motion to Dismiss in its entirety.

13  Respectfully Submitted:

15  Dated: 12/20/10

16  David Caravantes, Pro Se

11

**PROOF OF SERVICE BY MAIL, FAX AND EMAIL**
**Caravantes v. California Reconveyance Company, et al**
**Case Number: 10-CV-1407-IEG (AJB)**

David Caravantes
55189 Argonne Court
San Diego, California 92117
Tel: (858)490-1331
Fax: (858)490-9191

    I reside in the County of San Diego, State of California.  I am over the age of eighteen years and not a party to this action.  My business address is _55189 Argonne Court, San Diego, CA 92117._

    On December 20, 2010, I served the foregoing document described as **OPPOSITION TO MOTION TO DISMISS** on interested parties in said action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Attn.: John M. Sorich
S. Christopher Yoo
Lauren M. Takos
Adorno, Yoss, Alvarado & Smith
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

AND BY FAX TO:

714-852-6899

AND BY EMAIL TO:

jsorich@alvaradosmith.com

    BY MAIL AS FOLLOWS: I deposited with the U.S. Postal Service with postage thereon fully prepaid at San Diego, California on the date listed below.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in the affidavit.

    STATE-I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED ON December 20, 2010, at San Diego, California.

                Signed: _David Caravantes_
                        Print Name

1