1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARAVANTES, an individual,<br><br>                                  Plaintiff,<br><br>    vs.<br><br>CALIFORNIA RECONVEYANCE<br>COMPANY, a California corporation;<br>WASHINGTON MUTUAL BANK, F.A., a<br>Federal Savings Bank organized and existing<br>under the laws of the United States;<br>JPMORGAN CHASE BANK, N.A., a<br>National Banking Association organized and<br>existing under the laws of the United States;<br>CHASE HOME FINANCE LLC, a Delaware<br>Limited Liability Company; VREJ<br>JOUKADARIAN, an individual; CLEMENT<br>J. DURKIN, an individual; DEBORAH<br>BRIGNAC, an individual; ANN THORN, an<br>individual; and DOES 1-20, inclusive,<br><br>                                  Defendants. | CASE NO. 10-CV-1407 - IEG (AJB)<br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART<br>MOTION TO DISMISS**<br><br>[Doc. No. 53.] |

       Presently before the Court is a motion to dismiss Plaintiff David Caravantes ("Plaintiff")'s second amended complaint ("SAC") brought by Defendants California Reconveyance Company ("CRC"), JP Morgan Chase Bank, N.A. ("JP Morgan"), an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver, and as sucessor by merger to Chase Home Finance LLC ("Chase"), Deborah Brignac, and Ann Thorn (collectively "Defendants"). [Doc. No. 53.]  For the reasons described below, the Court **GRANTS IN PART** and **DENIES IN**

1    **PART** Defendants' motion to dismiss.

2                                   <u>BACKGROUND</u>

3              The following allegations are taken from Plaintiff's SAC.  Plaintiff became the owner of

4    property located at 5189 Argonne Court, San Diego, CA 92117 on or about August 15, 2007.

5    [SAC ¶¶ 5, 17.]  He acquired the property via a loan from Defendant Washington Mutual Bank,

6    F.A. ("WaMu").  [Id. ¶ 18.]  The corresponding Deed of Trust was recorded in San Diego on

7    August 27, 2007.  [Id.]  The Deed of Trust identified Defendant WaMu as the lender and

8    Defendant CRC as the trustee.  [Id.]

9              Plaintiff appears to have experienced problems in making his loan payments when his

10   income decreased dramatically in 2008.  [SAC ¶ 20.]  In September 2008, after Defendant WaMu

11   closed, Plaintiff alleges he received a form letter stating that Defendant WaMu had become

12   Defendant JPMorgan.  [Id. ¶ 21.]  Plaintiff subsequently received statements from Defendant

13   Chase, and he directed payments to Chase, assuming that Chase was the new servicer of his loan.

14   [Id.]

15             In or around November 2009, Plaintiff received a letter from the Chase Home Ownership

16   Preservation Office stating that many Americans are experiencing difficulty with their mortgage

17   payments and that if Plaintiff was experiencing financial difficulty, there were some options

18   available to him that would assist him with making payments.  [SAC ¶ 22, Ex. 1.]  Plaintiff

19   subsequently received several additional letters of the same nature.  [Id. ¶ 22]  According to

20   Plaintiff, none of these letters discussed Plaintiff's actual financial situation.  [Id.]

21             On January 25, 2010, Defendant Chase mailed Plaintiff a letter titled "Notice of Collection

22   Activity," alleging Plaintiff was in default under the terms of his loan.  [SAC ¶ 23, Ex. 2.]  The

23   letter did not attempt to discuss any options available to Plaintiff to avoid foreclosure other than

24   paying the full amount allegedly due.  [Id.]  On March 10, 2010, Defendant CRC recorded a

25   Notice of Default on Plaintiff's property.  [Id. ¶ 24, Ex. 3.]  The Notice of Default was

26   accompanied by a Declaration of Compliance signed by Defendant Clement Durkin for JPMorgan.

27   [Id. ¶ 25, Ex. 3.]  The Declaration of Compliance indicates that the "mortgagee, beneficiary or

28   authorized agent tried with due diligence but was unable to contact the borrower" to discuss the

borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code § 2923.5, and that more than thirty days had elapsed since due diligence was completed.  [Id. ¶ 26, Ex. 3.]  However, except for the generic letters discussed above, none of the Defendants sent any letters or made any phone calls to Plaintiff concerning his personal financial situation and options to avoid foreclosure that were specifically available to him.  [Id. ¶ 27.]

On June 11, 2010, Defendant CRC executed a Notice of Trustee's Sale signed by Defendant Brignac, indicating that the sale was scheduled for July 6, 2010 at 10:00 a.m.  [Id. ¶¶ 33, 34, Ex. 9.]  The Notice of Trustee's Sale was accompanied by a Declaration Pursuant to California Civil Code Section 2923.54 signed by Defendant Thorn, stating that the undersigned loan servicer had complied with the requirements of Section 2923.54.  [Id. ¶ 35, Ex. 9.]

On July 6, 2010, Plaintiff filed the present action against Defendants.  [Doc. No. 1, Compl.] Shortly thereafter, the Court issued a temporary restraining order and a preliminary injunction enjoining Defendants from foreclosing on Plaintiff's property.  [Doc. Nos. 6, 10.]  On October 14, 2010, the Court granted in part and denied in part Defendants' motion to dismiss and granted Plaintiff leave to file an amended complaint ("FAC"), which he filed on November 3, 2010. [Doc. Nos. 17-18.]  Shortly thereafter, Defendants filed a motion to dismiss Plaintiff's FAC. [Doc. No. 20.]  At the hearing on Defendant's second motion to dismiss, the parties indicated that their dispute might be resolved through a loan modification.  [Doc. Nos. 26, 46.]  Accordingly, the Court directed the parties to discuss loan modification options before the Magistrate Judge.  [Id.] Subsequently, the Magistrate Judge issued several orders stating that Plaintiff has submitted a completed application for a loan modification and that his application is currently being reviewed by Defendants.  [Doc. Nos. 34, 41, 43, 45, 48, 50.]  The last order was issued on October 17, 2011. [Doc. No. 50.]

On August 3, 2011, the Court granted Defendants' motion to dismiss the FAC and granted Plaintiff leave to file a second amended complaint, which he filed on October 24, 2011.  [Doc. Nos. 46, 52.]  Plaintiff's SAC alleges four causes of action for:  (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*; (2) violation of the Home Owner and Equity

1    Protection Act ("HOEPA"), 15 U.S.C. § 1639 and 12 C.F.R. §§ 226.32 *et seq.*; (3) violation of

2    California's Unfair Competition Law ("UCL"), California Business and Professions Code §§

3    17200 *et seq.*; and (4) violation of California Civil Code § 2923.5.  [Doc. No. 52, <u>SAC</u>.]  By the

4    present motion, Defendants seek to dismiss Plaintiff's third and fourth causes of action.  [Doc. No.

5    53.]

6                                            **DISCUSSION**

7    **I.       Legal Standards for a Motion to Dismiss**

8              A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests

9    the legal sufficiency of the claims asserted in the complaint.  FED. R. CIV. P. 12(b)(6); <u>Navarro v.</u>

10   <u>Block</u>, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the

11   complaint as true, and must construe them and draw all reasonable inferences from them in favor

12   of the nonmoving party.  <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

13   To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations,

14   rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl.</u>

15   <u>Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff

16   pleads factual content that allows the court to draw the reasonable inference that the defendant is

17   liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009)

18   (citing <u>Twombly</u>, 550 U.S. at 556).

19             However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief"

20   requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

21   action will not do."  <u>Twombly</u>, 550 U.S. at 555 (citation omitted).  A court need not accept "legal

22   conclusions" as true.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. at 1949.

23             In addition, factual allegations asserted by *pro se* plaintiffs, "however inartfully pleaded,"

24   are held "to less stringent standards than formal pleadings drafted by lawyers."  <u>Haines v. Kerner</u>,

25   404 U.S. 519-20 (1972).  Thus, where a plaintiff appears *in propria persona* in a civil rights case,

26   the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt.  <u>See</u>

27   <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

28             Nevertheless, and in spite of the deference the court is bound to pay to any factual

allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (citation omitted), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); see also Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

## II.    Analysis

### A.    Violation of California Civil Code § 2923.5

In the SAC, Plaintiff alleges that Defendants CRC and JP Morgan violated California Civil Code § 2923.5 by failing to contact him by telephone prior to initiating the foreclosure proceedings on his property. [SAC 69-74.] California Civil Code § 2923.5 provides in relevant part:

> (a)(1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).
>
> (2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.
>
> . . .
>
> (g) A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent. For purposes of this section, "due diligence" shall require and mean all of the following: [listing the required steps that must be performed by the mortgagee,

- 5 -

1    beneficiary, or authorized agent].

2        As an initial matter, many of the arguments Defendants raise in support of dismissal of this

3    claim in their current motion to dismiss were previously raised in their prior motion to dismiss

4    Plaintiff's original complaint.  [Compare Doc. No. 53-1 at 5-6 with Doc. No. 11-1 at 18.]  In

5    addition, the allegations in Plaintiff's SAC in support of this claim are the same allegations that

6    were in the original complaint.  [Compare SAC ¶¶ 69-74 with Compl. ¶¶ 131-36.]  In ruling on

7    Defendant's prior motion to dismiss, the Court rejected all of these arguments and declined to

8    dismiss Plaintiff's claim for violation of California Civil Code § 2923.5.  [Doc. No. 17 at 11-13.]

9    Therefore, all of these previously raised arguments that Defendants raise in support of dismissal of

10   this claim in their current motion are barred by the law of the case doctrine.  See Manufactured

11   Home Cmtys., Inc. v. Cnty. of San Diego, 655 F.3d 1171, 1181 (9th Cir. 2011) ("The law of the

12   case doctrine precludes a court 'from reconsidering an issue previously decided by the same court,

13   or a higher court in the identical case.'").

14       The only new argument that Defendants appear to set forth in their motion is the argument

15   that Plaintiff cannot allege a violation of section 2923.5 because Plaintiff has submitted an

16   application for a loan modification that is currently being reviewed by Defendants.  [Doc. No. 53-1

17   at 6.]  California courts have explained that the remedy for a violation of section 2923.5 "is limited

18   to obtaining a postponement of an impending foreclosure to permit the lender to comply with

19   section 2923.5."  Mabry v. Superior Court, 185 Cal. App. 4th 208, 214 (2010).  Therefore, if the

20   foreclosure sale is postponed, and a lender later complies with section 2923.5, then there is no

21   longer a violation of the statute.  However, Defendants provide no analysis or argument explaining

22   how the review of Plaintiff's loan modification by itself satisfies the requirements of section

23   2923.5.  Section 2923.5 contains a very detailed list of steps that a lender must perform in order to

24   be in compliance with the statute.  See id. at 222-23 (stating that "section 2923.5 requires a

25   specified course of action").  The mere review of a loan modification application by itself does not

26   satisfy these requirements.  See CAL. CIV. CODE 2923.5(a)(2) (requiring lenders to–in addition to

27   assessing the borrower's financial situation and exploring option to avoid foreclosure--initiate

28   contact with the borrower, inform the borrower that he has the right to request a subsequent

1    meeting, and provide the borrower with the toll-free HUD telephone number).  Defendants have

2    not submitted any evidence showing that they have performed all the steps required by section

3    2923.5 and are now in compliance with the statute, nor could they at the motion to dismiss stage

4    where the Court's review is confined to the allegations in Plaintiff's complaint.  See Lee v. City of

5    Los Angeles, 250 F.3d 668, 688 ("As a general rule, 'a district court may not consider any material

6    beyond the pleadings in ruling on a Rule 12(b)(6) motion.'").  Defendants' arguments appear to be

7    more appropriately addressed on a motion for summary judgment.  Accordingly, the Court

8    **DENIES** Defendants' motion to dismiss Plaintiff's claim for violation of California Civil Code §

9    2923.5.

10          **B.      Violation of the Unfair Competition Law ("UCL")**

11          Plaintiff alleges that Defendants' conduct violates the UCL.  [SAC ¶¶ 57-68.]  Section

12   17200 defines unfair competition as "any unlawful, unfair or fraudulent business act or practice"

13   and "unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200.

14   Because the statute is written in the disjunctive, it prohibits three separate types of unfair

15   competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3) fraudulent acts or

16   practices.  Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  In

17   order to assert a claim under the UCL, a person must have "suffered injury in fact and has lost

18   money or property as a result of such unfair competition." CAL. BUS. & PROF. CODE §§ 17204 &

19   17535.

20          Defendants argue that Plaintiff lacks standing to assert a UCL claim because he has not

21   suffered an "injury in fact."  This same argument was also previously made by Defendants in their

22   prior motion to dismiss the original complaint and was rejected by the Court.  [Doc. No. 17 at 9-

23   10.]  Accordingly, Defendants' argument that Plaintiff cannot plead a violation of the UCL

24   because he has not suffered an "injury in fact" is foreclosed by the law of the case doctrine.  See

25   Manufactured Home Cmtys., 655 F.3d at 1181.

26          Plaintiff alleges that Defendants JP Morgan and Chase violated the unlawful prong of the

27   UCL by violating California Civil Code § 2923.5.  [SAC ¶ 61.]  Under the unlawful prong, "the

28   UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the

UCL." <u>Lazar v. Hertz Corp.</u>, 69 Cal. App. 4th 1494, 1505, 82 Cal. Rptr. 2d 368 (1999). In the previous section, the Court concluded that Plaintiff has sufficiently plead a cause of action for violation of section 2923.5. <u>See</u> <u>supra</u> section II.A. Accordingly, Plaintiff has sufficiently pled a cause of action under the unlawful prong of the UCL against Defendants JP Morgan and Chase based on their alleged violation of California Civil Code § 2923.5.

Plaintiff also alleges that Defendants have engaged in fraudulent business practices. [SAC 61, 65-66.] Specifically, Plaintiff alleges Defendants JP Morgan and Chase have engaged in various fraudulent activities such as "[e]xecuting and recording false and misleading documents" and "[e]ngaging in the practice known as 'Robo-signing.'" [<u>Id.</u> ¶ 61.] Plaintiff also alleges that Defendants Brignac and Thorn "have engaged in giving false and improper declarations in support of the other Defendants unlawful activities." [<u>Id.</u> ¶ 65.] Plaintiff also alleges that all the Defendants "have engaged in fraud with the forged signature on the Notice of Trustee's Sale." [<u>Id.</u> ¶ 66.]

Federal Rule of Civil Procedure 9(b)'s heightened pleading standards apply to claims for violation of the UCL that are grounded in fraud. <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1125 (9th Cir. 2009). Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" <u>Id.</u> at 1106 (quoting <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff's conclusory allegations that the Defendants have engaged in certain fraudulent conduct fall well short of Rule 9's heightened pleading standards. In none of the allegations does Plaintiff provide the necessary who, what, when, where, and how of the allegedly fraudulent conduct. For example, Plaintiff alleges that Defendants JP Morgan and Chase have executed and

1   recorded "false and misleading documents."  [SAC ¶ 61.]  However, Plaintiff does not explain in

2   his allegations what specific documents are false and misleading, how the document are false and

3   misleading, or when these allegedly false and misleading documents were created and recorded.

4   In addition, the Court notes that the allegations against Defendants Brignac and Thorn are the

5   exact same allegations that were in Plaintiff's FAC that the Court previously dismissed for failure

6   plead with sufficient particularity.  [Doc. No. 46 at 8.]  Accordingly, the Court **DISMISSES**

7   Plaintiff's claims brought under the fraudulent prong of the UCL.

8          Finally, Plaintiff alleges that Defendant CRC violated the UCL by failing "to conduct a

9   diligent investigation as to the validity of said foreclosure" and by engaging in unlawful activity

10  related to the non-judicial foreclosure process.  [SAC ¶ 64.]  The Court has previously concluded

11  that these allegations are too vague to state a plausible claim against CRC under any prong of the

12  UCL.  [Doc. No. 46 at 9.]  In it prior order, the Court informed Plaintiff that these allegations were

13  too vague and stated that it would allow Plaintiff to amend his complaint in order to bolster these

14  allegations.  [Id.]  However, rather than amend these allegations, Plaintiff has chose to simply re-

15  plead them.  Accordingly, the Court **DISMISSES** Plaintiff's UCL claims against Defendant CRC.

16         In sum, Plaintiff has sufficiently pled a cause of action against Defendants JP Morgan and

17  Chase for violation of the unlawful prong of the UCL.  However, the remaining allegations in

18  Plaintiff's SAC are insufficient to support any other cause of action under the UCL.  Because this

19  is now Plaintiff's third chance to plead a cause of action for violation of the UCL, the Court

20  **DISMISSES** Plaintiff's remaining UCL claims **WITH PREJUDICE**.

21                                          <u>CONCLUSION</u>

22         For the above reasons, the Court **GRANT IN PART** and **DENIES IN PART** Defendants'

23  motion to dismiss Plaintiff's second amended complaint.  Specifically, the Court:

24         1.      **DENIES** Defendants' motion to dismiss Plaintiff's cause of action for violation of

25                 California Civil Code § 2923.5; and

26         2.      **GRANTS IN PART** and **DENIES IN PART** Defendants motion to dismiss

27                 Plaintiff's cause of action for violation of the UCL.  Plaintiff may proceed on his

28                 claim against Defendants JP Morgan and Chase for violation of the unlawful prong

1       of the UCL based on the violation of California Civil Code § 2923.5.  The Court

2       **DISMISSES WITH PREJUDICE** Plaintiff remaining UCL claims.  Because

3       Plaintiff's remaining UCL claims are his only claims asserted against Defendants

4       Brignac and Thorn, the Court **DISMISSES WITH PREJUDICE** Defendants

5       Brignac and Thorn.

6       **IT IS SO ORDERED.**

7   **DATED:** December 22, 2011

8                                                **IRMA E. GONZALEZ, Chief Judge**

9                                              **United States District Court**

10cv1407