JOHN M. SORICH (CA Bar No. 125223)
jsorich@alvarodsmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@alvarodsmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
CALIFORNIA RECONVEYANCE COMPANY; JPMORGAN
CHASE BANK, N.A., for itself and as AN ACQUIRER OF
CERTAIN ASSETS AND LIABILITIES OF WASHINGTON
MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER;
and as successor by merger to CHASE HOME FINANCE LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARAVANTES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA RECONVEYANCE COMPANY,  a California corporation; WASHINGTON MUTUAL BANK, FA, a Federal Savings Bank organized and existing under the laws of the United States; JPMORGAN CHASE BANK, N.A.,  a National Banking Association organized and existing under the laws of the United States; CHASE HOME FINANCE LLC, a Delaware Limited Liability Company; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.: 10CV1407 CAB AJB<br><br>JUDGE:  Hon. Cathy Ann Bencivengo<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT**<br><br>**CRTRM:**  "2"<br>**DATE:**  October 30, 2012<br>**TIME:**  2:00 p.m.<br><br>*[Concurrently filed with Notice of Motion and Motion for Summary Judgment, Evidence in support of Motion for Summary Judgment, Request for Judicial Notice in Support of Motion for Summary Judgment, Declaration of Arlene Vartanian]*<br><br>**Action Filed:** July 6, 2010 |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................2

I.     SUMMARY OF ARGUMENT ........................................................................2

II.    SUMMARY OF RELEVANT FACTS ...........................................................2

    A.   The Subject Loan .............................................................................2

    B.   Commencement of Non-Judicial Foreclosure Proceedings.................3

    C.   CRC Merely Acted In Its Capacity As Trustee Under The First DOT..................4

    D.   Contact With Plaintiff Regarding The Default ...............................4

III.   JPMORGAN IS ENTITLED TO SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT WHERE THERE IS NO TRIABLE ISSUE OF MATERIAL FACT .........................................................................................9

IV.    THERE ARE NO TRIABLE ISSUES OF FACT AS TO PLAINTIFF'S THIRD AND FOURTH CLAIMS FOR "UNFAIR BUSINESS PRACTICES – CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200" BASED ON VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5 (ASSERTED AGAINST JPMORGAN) AND PLAINTIFF'S FOURTH CLAIM FOR "VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5" AS ASSERTED AGAINST DEFENDANTS.........................11

    A.   Plaintiff Lacks Standing to Assert Claims Under Business & Professions Code § 17200 et seq. .....................................................................11

    B.   Plaintiff's Fail to State a Claim for Violation of Section 17200 based on Non-Compliance with California Civil Code of Procedure Section 2923.5 .................12

    C.   JPMorgan and CRC Have Complied With the Notice Requirements Found in Civil Code § 2923.5 .........................................................................12

    D.   The Declaration Of Compliance Contained With The Notice Of Default Comports With Cal. Civil Code § 2923.5...............................................16

V.     CONCLUSION..............................................................................................18

A L V A R A D O S M I T H
A PROFESSIONAL CORPORATION
SANTA ANA

i

## **TABLE OF AUTHORITIES**

Page(s)

### **Cases**

*Celotex Corp. v. Catrett* 477 U.S. 317, 322, 325 (1986) .................................................. 10

*Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir.2000) ............................ 12

*Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006) .......................................... 11

*Khoury v. Maly's of California*, 14 Cal.App.4th 612 (1993).............................................. 12

*Lazar v. Hertz Corp.* (1999) 69 Cal. App. 4th 1494, 1505 ............................................ 12

*Mabry v. Superior Court of Orange County,*
    185 Cal. App.4th 208, 214, 222, 224, 232 (2010). ...................................... 14, 16, 17, 18

*Marshall v. East Carroll Parish Hospital v. Service District*, 134 F.3d 319, 324 (5th Cir. 1998)...... 10

*Matsushita Elec. Indus. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)................................ 10

*National Steel Corp. v. Golden Eagle Insurance Co.*, 121 F.3d 496, 502 (9th Cir. 1997)................. 10

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.* (9th Cir. 2000) 210 F.3d 1099, 1102 ........... 10

*Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir. 1989) ............................. 10

*T.W. Elec. Serv. Inc. v. Pacific Elec. Contractor's Association*, 809 F.2d 626, 630 (9th Cir. 1987)... 10

*Wang Laboratories, Inc. v. Mitsubishi Electronics, America, Inc.*,
    860 F.Supp. 1448, 1450 (CD CA 1993) .......................................................... 10

### **Statutes**

Business and Professions Code §17203 .................................................................... 11

Civil Code § 2923.5 ............................................................... 2, 3, 12, 14, 15, 16, 17

Civ. Code §2923.5(a)(1) ................................................................................. 13

Civ. Code §2923.5(c) ................................................................................... 14

Civil Code § 2924 ................................................................................. 16, 17

### **Rules**

56(c) of Federal Rules of Civil Procedure ............................................................. 2, 9

FRCP Rule 56(e).......................................................................................... 10

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**
3265477.2 -- AL109.W1426

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants California Reconveyance Company ("CRC"), JPMorgan Chase Bank, N.A. ("JPMorgan" and collectively "Defendants"), for itself and as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver, and as successor by merger to Chase Home Finance LLC respectfully submit this Memorandum of Points and Authorities in support of its motion for summary judgment ("Motion"), or in the alternative for partial summary judgment, pursuant to pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7.1 ("Motion") against the Second Amended Complaint ("SAC") of plaintiff David Caravantes ("Plaintiff").

## I.    SUMMARY OF ARGUMENT

The undisputed facts establish that Plaintiff David Caravantes ("Plaintiff") obtained a residential loan in 2007 in the principal sum of $520,000.00 on which he admittedly defaulted. The gravamen of Plaintiff's SAC is that the foreclosure proceeding commenced in connection with the real property located at 5189 Argonne Court, San Diego, California 92117 ("Subject Property") was improperly commenced in contravention of Cal. Civil Code §§ 2923.5. However, the undisputed facts establish that JPMorgan complied with Cal. Civil Code § 2923.5. As a result, Plaintiff's SAC is entirely without merit and Defendants are entitled to judgment as a matter of law. Rule 56(c) of Federal Rules of Civil Procedure ("FRCP".) Or, in the alternative, Defendants are entitled to summary adjudication as to one or more the causes of action. *See,* FRCP Rule 56(c).

The only causes of actions alleged against the moving Defendants are "Unfair Business Practices-California Business and Professions Code § 17200" and "Violation of California Civil Code § 2923.5." As will be demonstrated in detail below, Plaintiff's claims fail and are subject to summary adjudication. Accordingly, Defendants' Motion for Summary Judgment should be granted in its entirety.

## II.   SUMMARY OF RELEVANT FACTS

### A.    The Subject Loan

On or about August 15, 2007, Washington Mutual Bank, FA ("WaMu") made a residential loan in the sum of $520,500.00 ("Loan") to Plaintiff. *See* Separate Statement of Undisputed Facts

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1   ("SSUF") No. 1.  The Loan is secured by a deed of trust ("DOT") encumbering the real property

2   located at 5189 Argonne Court, San Diego, California 92117 ("Subject Property").  *See* SSUF No. 2.

3   The DOT was recorded on or about recorded on August 27, 2007, with the San Diego County

4   Official Records as instrument number 2007-0569430.  *Id.*  The DOT identifies Washington Mutual

5   Bank FA ("WaMu") as the lender and beneficiary, California Reconveyance Company ("CRC") as

6   the trustee, and Plaintiff as the borrower.  *Id.*

7        Specifically, Paragraph 1 of the DOT provides: "Borrower shall pay when due the principal

8   of, and interest on, the debt evidenced by the Note and any prepayment charges and later charges

9   due under the Note."  SSUF No. 3.

10        In addition, paragraph 22 of the DOT provides that "Lender shall give notice to Borrower

11   prior to acceleration following Borrower's breach of any covenant or agreement in this Security

12   Instrument...If the default is not cured on or before the date specified in the notice, Lender at its

13   option may require immediate payment in full of all sums secured by this Security Instrument

14   without further demand and may invoke the power of sale and any other remedies permitted by

15   Applicable Law."  SSUF No. 4.

16        Pursuant to the Purchase and Assumption Agreement between the FDIC and JPMorgan, on

17   September 25, 2008, JPMorgan acquired certain assets and liabilities of WaMu from the FDIC

18   acting as receiver, including WaMu's interest in the Subject Loan and DOT that is the subject of this

19   action, *See* SSUF No. 5.

20   **B.     Commencement of Non-Judicial Foreclosure Proceedings**

21        Plaintiff failed to meet his obligations under the Subject Loan.  SSUF No. 6.  A Notice of

22   Default ("NOD") was recorded on March 10, 2010, with the San Diego County Recorder's Office as

23   instrument number 2010-0116987.  *Id.*  Pursuant to the NOD, as of March 2, 2010 the Loan was in

24   arrears in the amount of $22,751.54.  *Id.*  The NOD contains this declaration:

25        The mortgagee, beneficiary or authorized agent tried with due diligence but was unable to
       contact the borrower to discuss the borrower's financial situation and to explore options for
26      the borrower to avoid foreclosure as required by California Civil Code 2923.5. Thirty days or
       more have elapsed since these due diligence efforts were completed.

27        *Id.*

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

3

**MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**

3265477.2 -- AL109.W1426

1  Plaintiff failed to cure the default.  SSUF No. 7.  Consequently, a Notice of Trustee's Sale

2  ("NOTS") in connection with the DOT was recorded on June 14, 2010, with the San Diego County

3  Recorder's Office as instrument number 2010-0295437.  *Id.*

4  **C.    CRC Merely Acted In Its Capacity As Trustee Under The First DOT**

5  CRC was instructed by the JPMorgan to initiate foreclosure because the Subject Loan was in

6  default.  SSUF No. 8.  In this regard, the Notice of Default ("NOD") and Notice of Trustee's Sale

7  ("NOTS") were recorded at the request of JPMorgan.   *Id.*  CRC acted in a trustee capacity only to

8  conduct foreclosure proceedings concerning the Subject Property.  SSUF No. 9.  CRC did not

9  function in any other way besides its role as the foreclosure trustee under the DOT.  *Id.*

10  **D.    Contact With Plaintiff Regarding The Default**

11  Prior to the service and recordation of the Notice of Default, several efforts were made to

12  contact Plaintiff regarding the default and explore alternative options to foreclosure.  SSUF Nos. 10-

13  59.  In particular, Plaintiff was contacted as follows:

14  • On or about April 16, 2009, a representative of JPMorgan attempted to contact

15     Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 10.

16  • On or about June 16, 2009, a representative of JPMorgan contacted Plaintiff by

17     telephonic means, and during this conversation, Plaintiff "promised to pay."

18     SSUF No. 11.

19  • On or about July 16, 2009, a representative of JPMorgan attempted to contact

20     Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 12.

21  • On or about August 12, 2009, a representative of JPMorgan contacted Plaintiff by

22     telephonic means, and during this conversation, Plaintiff "promised to pay."

23     SSUF No. 13.

24  • On or about August 21, 2009, a representative of JPMorgan attempted to contact

25     Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 14.

26  • On or about August 22, 2009, a representative of JPMorgan attempted to contact

27     Plaintiff by telephonic means, but was unable to reach Plaintiff.  See Loan Notes,

28     attached as Exhibit A. SSUF No. 15.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4

- On or about August 24, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 16.
- On or about August 25, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 17.
- On or about August 26, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 18.
- On or about August 27, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 19.
- On or about August 28, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 20.
- On or about August 29, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 21.
- On or about August 31, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 22.
- On or about September 9, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine.  SSUF No. 23.
- On or about September 16, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine.   SSUF No. 24.
- On or about September 23, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff.  SSUF No. 25.
- From September 24, 2009 through September 30, 2009, representatives from JPMorgan attempted to contact Plaintiff by telephonic means, but were unable to reach Plaintiff. The representatives left messages on Plaintiff's answering machine. SSUF No. 26.

AlvaradoSmith
A Professional Corporation
Santa Ana

**MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**
3265477.2 -- AL109.W1426

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

- On or about October 8, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine.  SSUF No. 27.

- On or about October 19, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine.  SSUF No. 28.

- On or about October 27, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine.  SSUF No. 29.

- On or about November 2, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine.  SSUF No.30.

- On or about November 3, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's machine.  SSUF No. 31.

- On or about November 17, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine to call.  SSUF No. 32.

- On or about November 28, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine.  SSUF No. 33.

- On or about November 30, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. SSUF No. 34.

- On or about November 30, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine.  SSUF No. 35.

**MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**

3265477.2 -- AL109.W1426

- On or about December 12, 2009 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. SSUF No. 36.
- On or about January 13, 2010, a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. The representative left a message on Plaintiff's answering machine. SSUF No. 37.
- On or about February 18, 2010 a representative of JPMorgan attempted to contact Plaintiff by telephonic means, but was unable to reach Plaintiff. SSUF No. 38.
- On or about February 26, 2010, a representative of JPMorgan contacted Plaintiff by telephonic means, but Plaintiff hung up the telephone. SSUF No. 39.
- Thus, on or before March 2, 2010, the requirement of three telephone calls to be made to the Plaintiff on three different days and times had been made to Plaintiff. SSUF No. 40.

In addition to the above referenced telephone calls, JPMorgan mailed several written notices regarding the default on the Subject Loan.  SSUF No. 41.  The following notices regarding Plaintiff's default on the First Loan were mailed:

- On or about September 7, 2009, JPMorgan sent a letter advising Plaintiff that options other than foreclosure may be available, provided the HUD toll-free number, and, enclosed a HUD pamphlet and a Borrower's Assistance Form. SSUF No. 42.
- On or about October 5, 2009, JPMorgan sent a letter advising Plaintiff that options other than foreclosure may be available, provided the HUD toll-free number, and, enclosed a HUD pamphlet and a Borrower's Assistance Form. SSUF No. 43.
- On or about October 30, 2009, Plaintiff was sent letters advising Plaintiff that options other than foreclosure may be available, enclosed HUD's "Avoiding Foreclosure" pamphlet, and provided the HUD toll-free number "Notice of Collection Activity".  SSUF No. 44.

**MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**

3265477.2 -- AL109.W1426

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

- On or around November 18, 2009, JPMorgan sent a letter to Plaintiff advising Plaintiff that options other than foreclosure may be available. The letter enclosed a Borrower Assistance Form to complete and return.  SSUF No. 45.

- On or around December 17, 2009, JPMorgan again sent a letter to Plaintiff advising Plaintiff that options other than foreclosure may be available. The letter enclosed a Borrower Assistance Form to complete and return.  SSUF No. 46.

- On or about January 25, 2010, JPMorgan sent a letter to Plaintiff advising Plaintiff that options other than foreclosure may be available.  The letter also included a "Notice of Collection Activity".  The Notice of Collection Activity indicates that as of September 1, 2009, Plaintiff failed to make the required monthly payments under the terms of the Note, and the total due and owing was $15,471.56.  SSUF No. 47.

In addition to the above referenced telephone calls and letters, JPMorgan attempted to discuss Plaintiff's financial situation and explore options to foreclosure by *personally* visiting Plaintiff. SSUF No. 48.  The following attempts to personally meet with Plaintiff were made:

- On or about December 29, 2009 and January 11, 2010, it is noted in the Loan Notes that a representative from JPMorgan arrived at the Subject Property on or about December 17, 2009, and no one was home. The representative left a letter in a plain, sealed confidential envelope with the Plaintiff's name on it and taped it to the door. SSUF No. 49.

- On or about December 29, 2009 and January 11, 2010, it is noted in the Loan Notes that a representative from JPMorgan returned to the Subject Property on or about December 20, 2009, and spoke with Plaintiff. SSUF No. 50.  The representative gave Plaintiff a letter and advised him to call JPMorgan ASAP. The representative offered the use of a cell phone to make the call, but the Plaintiff declined. *See, Id.* Plaintiff accepted the envelope (with the letter). *See, Id.*

- On or about January 15, 2010, it is noted in the Loan Notes that a representative

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

8

**MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**

1    from JPMorgan arrived at the Subject Property on or about January 8, 2010, and

2    no one was home. SSUF No. 51.   The representative left a letter in a plain, sealed

3    confidential envelope with the Plaintiff's name on it and taped it to the door. *See,*

4    *Id.*

5    • On or about January 15, 2010, it is noted in the Loan Notes that a representative

6    from JPMorgan returned to the Subject Property on or about January 10, 2010 and

7    spoke with Plaintiff's roommate. SSUF No. 52.  The Plaintiff's roommate

8    accepted a letter in a blank sealed confidential envelope and agreed to give it to

9    the Plaintiff as soon as possible. *See, Id.*

10   Plaintiff essentially avoided JPMorgan's attempts to contact him completely and never

11   responded to JPMorgan's homeowner's assistance letters.  As noted above, Plaintiff was sent a

12   "Borrower's Assistance Form" on November 18, 2009 and December 17, 2009, but never returned

13   the enclosed packet. SSUF No. 53.  In fact, Plaintiff never applied for a loan modification prior to

14   the recording of the Notice of Default. *See, Id.*   On July 10, 2010, Plaintiff filed this Action. *See,*

15   Court Docket.

16   The Subject Property has not been sold at foreclosure. *See* SSUF No. 54. To date, the Subject

17   Loan remains in default. *See* SSUF No. 55.  The last payment was received by JPMorgan on or

18   about September 12, 2009 and was applied to the August 1, 2009 payment.  No payments have been

19   received on the Subject Loan since that time. Payment on the Subject Loan is due and owing for

20   September 1, 2009. *See, Id.* Plaintiff admits in his deposition that he currently in possession of the

21   Subject Property, that neither JPMorgan nor WaMu are withholding any monies allegedly entitled to

22   Plaintiff, that Plaintiff never paid JPMorgan and that his out-of-pocket expenses are "nothing major."

23   *See* SSUF No. 56.

24   **III.    JPMORGAN IS ENTITLED TO SUMMARY JUDGMENT OR  PARTIAL**

25   **SUMMARY JUDGMENT WHERE THERE IS NO TRIABLE ISSUE OF MATERIAL**

26   **FACT**

27   Under Rule 56(c) of Federal Rules of Civil Procedure ("FRCP"), a court may enter summary

28   judgment for a party where "the pleadings, depositions, answers to interrogatories, admission on file,

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

9

1  together with affidavits, if any show that there is no genuine issue as to any material fact and… the

2  moving party is entitled to a judgment as a matter of law.  FRCP 56(c).  Summary judgment is

3  proper "against a party who fails to make a showing sufficient to establish the existence of an

4  element essential to that party's case, and on which that party will bear the burden of proof at trial."

5  *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

6      The party seeking summary judgment bears the initial burden of identifying material of

7  record which "demonstrate(s) the absence of any genuine issues of material fact."  *T.W. Elec. Serv.*

8  *Inc. v. Pacific Elec. Contractor's Association,* 809 F.2d 626, 630 (9th Cir. 1987).  If the moving party

9  meets this burden, the opposing party "may not rest upon mere allegations or denials," but must

10  come forward with "specific facts" that show the existence of a genuine triable issue.  *Id*; *see also*,

11  FRCP Rule 56(e).  In order to be a "genuine" issue, the opponent must do more than show that there

12  is "some metaphysical doubt" as to the material facts.  *Matsushita Elec. Indus. V. Zenith Radio*

13  *Corp.*, 475 U.S. 574, 586 (1986).

14      Where the factual context is such that the nonmoving party's claim is "implausible," the

15  nonmovant must produce "more persuasive evidence" in support of the claim than otherwise would

16  be necessary.  *Id*. at 587.  Evidentiary facts are required to oppose a summary judgment motion.

17  Conclusory statements are not sufficient.  *Marshall v. East Carroll Parish Hospital v. Service*

18  *District*, 134 F.3d 319, 324 (5th Cir. 1998); *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572

19  (7th Cir. 1989) ("…a party to a lawsuit cannot ward off summary judgment with an affidavit or

20  deposition based on rumor or conjecture…"); *National Steel Corp. v. Golden Eagle Insurance Co.*,

21  121 F.3d 496, 502 (9th Cir. 1997) ("…conclusory allegations of conclusion, without factual support,

22  are insufficient to defeat summary judgment..").

23      Upon showing that there is no genuine issue of material fact as to particular claim(s) or

24  defenses, the court may grant summary judgment in the party's favor "upon all or any part thereof."

25  FRCP 56(a), (b); *see Wang Laboratories, Inc. v. Mitsubishi Electronics, America, Inc.*, 860 F.Supp.

26  1448, 1450 (CD CA 1993).

27      The moving party may carry its burden of production on summary judgment by showing the

28  opposing party does not have enough evidence of an essential element of its claim or defense to

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

10

1  carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.,*

2  *Inc.* (9th Cir. 2000) 210 F.3d 1099, 1102; *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325.

3  **IV.    THERE ARE NO TRIABLE ISSUES OF FACT AS TO PLAINTIFF'S THIRD AND**

4  **FOURTH CLAIMS FOR "UNFAIR BUSINESS PRACTICES – CALIFORNIA**

5  **BUSINESS & PROFESSIONS CODE § 17200" BASED ON VIOLATION OF**

6  **CALIFORNIA CIVIL CODE § 2923.5 (ASSERTED AGAINST JPMORGAN) AND**

7  **PLAINTIFF'S FOURTH CLAIM FOR "VIOLATION OF CALIFORNIA CIVIL**

8  **CODE § 2923.5" AS ASSERTED AGAINST DEFENDANTS**

9  **A.    Plaintiff Lacks Standing to Assert Claims Under Business & Professions Code §**

10  **17200 et seq.**

11  Plaintiff lacks standing to assert a claim for unfair business practices under Business &

12  Professions Code Section 17200 ("UCL"). Prior to its amendment in 2004, Section 17200 and

13  related provisions permitted any person acting for the general public to sue for relief from unfair

14  competition and does not predicate standing on a showing of injury or damage. *Californians For*

15  *Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006). As amended by Proposition 64,

16  section 17204 now limits standing in a Section 17200 action to certain specified public officials and

17  to "any person who has suffered injury in fact and has lost money or property as a result of ... unfair

18  competition." *Id.* Section 17203 of the *Business and Professions Code* states in relevant part:

19          "Any person who engages, has engaged, or proposes to engage in unfair
            competition may be enjoined in any court of competent jurisdiction. The

20          court may make such orders or judgments, including the appointment of a
            receiver, as may be necessary to prevent the use or employment by any

21          person of any practice which constitutes unfair competition, as defined in
            this chapter, or as may be necessary to restore to any person in interest any

22          money or property, real or personal, which may have been acquired by
            means of such unfair competition…" (Emphases added.)

23

24          In this case, Plaintiff has not lost any money or property a result of any purported violation of

25  Section 17200. *See* SAC, ¶¶ 57-68. Plaintiff admits in his deposition that he currently in possession

26  of the Subject Property, that neither JPMorgan nor WaMu are withholding any monies allegedly

27  entitled to Plaintiff, that Plaintiff never paid JPMorgan and that his out-of-pocket expenses are

28  "nothing major." SSUF, No. 56. Accordingly, absent a showing that Plaintiff lost money or property

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

11

1   by any conduct of Defendants, Plaintiff lacks standing to bring this claim.

2      **B.**   **Plaintiff's Fail to State a Claim for Violation of Section 17200 based on Non-**

3      **Compliance with California Civil Code of Procedure Section 2923.5**

4      Plaintiff's UCL claim against Defendant JPMorgan is limited to the allegation that

5   JPMorgan/Chase violated the *unlawful prong* of the UCL by violating California Civil Code Section

6   2923.5. *See,* SAC, ¶ 61, *See,* Court's December 22, 2011 Ruling.  Under the unlawful prong, "the

7   UCL borrows violations of other laws…and makes those unlawful practices actionable under the

8   UCL." *See, Lazar v. Hertz Corp.* (1999) 69 Cal. App. 4th 1494, 1505. A plaintiff alleging unfair

9   business practices under these statutes must state with reasonable particularity the facts supporting

10  the statutory elements of the violation.  *Khoury v. Maly's of California,* 14 Cal.App.4th 612, 619

11  (1993).

12      Furthermore, Plaintiff cannot simply use the "Unfair Business Practices" claim as a catch-all

13  to circumvent the pleading requirements for other claims where, as here, Plaintiff's remaining claim

14  for Violation of Section 2923.5 fails. *See, Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042,

15  1048 (9th Cir.2000) ("A court may not allow plaintiff to plead around an absolute bar to relief

16  simply by recasting the cause of action as one for unfair competition.").

17      As noted above, Plaintiff's UCL claim is solely based on allegations that JPMorgan did not

18  comply with Cal. Civil Code § 2923.5.  However, as to each and every claimed violation of the

19  Section 2923.5, Plaintiff cannot establish a triable issue of material fact for the reasons and facts

20  stated above.

21      **C.**   **JPMorgan and CRC Have Complied With the Notice Requirements Found in**

22      **Civil Code § 2923.5**

23      Plaintiff contends that he received two letters from JPMorgan (in November 2009 and

24  January, 2010). *See,* SAC, ¶¶ 22-23.  In this regard, Plaintiff states, "With the exception of the non-

25  specific mass-mailed letters…Plaintiff did not receive any phone calls, personal visits, or any other

26  form of communication from [Defendant] regarding his personal financial situation and options to

27  avoid foreclosure…" *See,* SAC, ¶ 27.

28  ///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

12

Under § 2923.5, a mortgagee or beneficiary "may not file a notice of default . . . until 30 days" after contacting the borrower or "30 days after satisfying the due diligence requirements as described in subdivision (g). *See*, Civ. Code §2923.5(a)(1)-(2). Furthermore,

(2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

---------

(g) A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent. For purposes of this section, "due diligence" shall require and mean all of the following:
(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.
(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file.
(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.
(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.
(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.
(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1   representative during business hours.
        (5) The mortgagee, beneficiary, or authorized agent has posted a
2   prominent link on the homepage of its Internet Web site…

3       Furthermore, the mortgagee or beneficiary shall include a declaration in the notice of default

4   that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due

5   diligence to contact the borrower as required by this section, or that no contact was required pursuant

6   to subdivision (h). *See*, Civ. Code §2923.5(b).

7       The Appellate Court has recently addressed the application of Cal. Civil Code § 2923.5 in

8   *Mabry v. Superior Court* 185 Cal.App. 4th 208 (2010) (petition for review denied).  The Court

9   specifically addressed the issues of sufficiency of notice, due diligence, and proper declarations.

10  *Mabry*, 185 Cal.App.4[th] at 233.  In *Mabry*, the Court ruled that Civil Code § 2923.5 had to be

11  narrowly construed in order to avoid preemption by federal banking regulations:

12          "First … the words "assess' and 'explore' (in the statute) … must be
            narrowly construed in order to avoid crossing the line from state
13          foreclosure law into federally preempted loan servicing.  **Hence, any
            assessment must necessarily be simple – something on the order of,
14          'why can't you make your payments?'  The statute cannot require the
            lender to consider a whole new loan application or take detailed loan
15          application information over the phone….**
            **Second, the same goes for any 'exploration' of options to avoid
16          foreclosure.  Exploration must necessarily be limited to merely telling
            the borrower the traditional ways that foreclosure can be avoided** (e.g.
17          deeds 'in lieu', workouts, or short sales) as distinct from requiring the
            lender to engage in the process that would be functionally
18          indistinguishable from taking the loan application in the first place."
            (Emphasis added.)

19

20          *Id., Mabry,* 185 Cal. App. 4th 208 at 232.

21      Therefore, there is no requirement that the lender engage in an in-depth discussion with the

22  borrower under Civil Code § 2923.5; the statute is satisfied by a simple query to a borrower such as,

23  why can't you make your payments?  No additional unlimited, expansive good faith standard

24  impliedly or expressly exists under the statute as any such requirement would in turn cause the

25  statute to be preempted by federal law and therefore invalid and unenforceable. *Id.*

26      Indeed, the appellate court noted in *Mabry,* that "compliance with section 2923.5 is

27  necessarily an individualized process. After all, the details of a borrower's financial situation and the

28

**MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**
3265477.2 -- AL109.W1426

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1   options open to a particular borrower to avoid foreclosure are going to vary, sometimes widely, from

2   borrower to borrower." *Id.* at pg. 224.

3          Here, the Notice of Default was recorded on or around March 2, 2010. *See,* RJN, Exhibit 2.

4   As the NOD clearly evidences, a representative from JPMorgan signed a Declaration of Compliance

5   indicating that "[t]he mortgagee, beneficiary or authorized agent tried with due diligence but was

6   unable to contact the borrower to discuss the borrower's financial situation…as required by Cal. Civ.

7   Code Section 2923.5." *See Id.* Further, based on the declaration and the undisputed facts, it is clear

8   that Section 2923.5 was complied with.

9          Specifically, the undisputed facts establish that JPMorgan attempted to contact Plaintiff at

10  least thirty (30) days prior to the filing of the Notice of Default to access his financial situation

11  pursuant to Civil Code § 2923.5—compliant not only substantively but procedurally.  SUF Nos. 10-

12  52. Moreover, despite the numerous attempts to contact Plaintiff, Plaintiff was *actually* contacted on

13  at least three different occasions—specifically, on or about June 16, 2009 and August 12, 2009

14  Plaintiff was contacted and he "promised to pay."  Then or about December 29, 2009, Plaintiff

15  contacted JPMorgan; however, he did not give any information regarding employment or contact

16  numbers. *See,* Exhibit A.  Finally, on or about January 11, 2010, Plaintiff contacted JPMorgan;

17  however he did not give any information regarding employment or contact numbers. *See,* Exhibit A.

18         Not only did JPMorgan comply with Civil Code § 2923.5 by actually *contacting* Plaintiff,

19  JPMorgan also complied with the due diligence requirements by sending multiple letters to Plaintiff,

20  and by visiting Plaintiff's Subject Property in person. JPMorgan mailed several written notices

21  regarding the default on the Subject Loan.  Such notices included advisements to Plaintiff of the

22  default, the amount of the default, that options other than foreclosure may be available.  Plaintiff was

23  also sent a HUD's "Avoiding Foreclosure" pamphlet, and provided the HUD toll-free number.

24         Plaintiff essentially avoided JPMorgan's attempts to contact him completely and never

25  responded to JPMorgan's homeowner's assistance letters. As noted above, Plaintiff was sent a

26  "Borrower's Assistance Form" on November 18, 2009 and December 18, 2009, but never returned

27  the enclosed packet.   In fact, Plaintiff never applied for a loan modification in 2009 prior to the

28  recording of the Notice of Default.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

15

1    To date, the Subject Loan remains in default.  The last payment was received by JPMorgan

2  on or about September 12, 2009 and was applied to the August 1, 2009 payment. No payments have

3  been received since that time. Payment on the Subject Loan is due and owing for September 1, 2009.

4    Thus, prior to the service and recordation of the Notice of Default, several efforts were made

5  to contact Plaintiff regarding the default and explore alternative options to foreclosure, in

6  compliance with Section 2923.5.

7    Additionally Plaintiff's allegations of non-compliance with Cal. Civil Code § 2923.5 as to

8  CRC are improper.  Cal. Civil Code § 2923.5, by its own terms, imposes certain requirements on

9  lenders.  Cal. Civil Code § 2923.5; *see also*, *Mabry*, supra, at pg. 222 [Noting that "section 2923.5

10  operates substantively on lenders."].  Here, it is undisputed that CRC is merely the trustee under the

11  First DOT.  SSUF No. 9.  CRC is not the lender or loan servicer.  The undisputed facts establish that

12  in connection with the non-judicial foreclosure sale under the DOT, CRC merely acted in a trustee

13  capacity only to conduct foreclosure proceedings concerning the Subject Property. CRC did not

14  function in any other way besides its role as the foreclosure trustee under the  DOT.  *Id.*  Therefore,

15  since Cal. Civil Code § 2923.5 is inapplicable to CRC, Plaintiff cannot state a claim against CRC.

16    Finally, there has been no foreclosure sale here. As Plaintiff admits in the SAC, Defendants

17  have been reviewing Plaintiff's application for a loan modification.

18    As delineated above, it is undisputed that attempts were not only made to contact Plaintiff by

19  telephone, and in writing, but it is also undisputed that such contact was in fact made at least thirty

20  days prior to the filing of the subject Notice of Default.

21    **D.**    **The Declaration Of Compliance Contained With The Notice Of Default**

22        **Comports With Cal. Civil Code § 2923.5**

23    Plaintiff also alleges that the declaration of compliance in the Notice of Default must be

24  signed by the Lender or someone with personal knowledge.  *See,* SAC, ¶ 25.  However, Plaintiff's

25  contention is again without merit.

26    Pursuant to Civil Code § 2924, a notice of default must include (a) a statement identifying

27  the deed of trust by identifying the trustor and instrument number where the deed of trust is

28  recorded; (b) a statement that a breach of the obligation; and (c) a statement of the nature of each

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1  breach actually known to the beneficiary and his election to cause to be sold the property to satisfy

2  that obligation secured by the deed of trust that is in default.  The NOD complies with the statutory

3  requirements of Civil Code § 2924 as it states that (1) the DOT had Plaintiff as trustor; (2) the Loan

4  was $22,751.54 in arrears; and (c) the Loan secured by the DOT was in default for failure of

5  payments.   SSUF No. 6; RJN, Exhibit 2.

6         In addition, the declaration of compliance under Cal. Civil Code § 2923.5 is proper.  The

7  California Court of Appeal for the Fourth District has recently held that a declaration for purposes of

8  complying with Cal. Civil Code § 2923.5 need not be under penalty of perjury and is compliant even

9  though it tracks the statutory language of said statute.  *Mabry v. Superior Court of Orange County,*

10  185 Cal. App.4[th] 208, 214 (2010).

11         Here, the NOD clearly contains such declaration attesting to the fact that the "mortgagee,

12  beneficiary or authorized agent tried with due diligence but was unable to contact the borrower to

13  discuss the borrower's financial situation and to explore options for the borrower to avoid

14  foreclosure as required by California Civil Code 2923.5"  *See, Id.*  Based on the foregoing, no triable

15  issue of material fact exists relative to compliance with Cal. Civil Code § 2923.5.

16         Further, Plaintiff's far-reaching allegation that the NOD is invalid due to the fact that a

17  representative of JPMorgan executed the declaration of compliance is without merit.  As Section

18  2923.5 expressly states, a mortgagee, beneficiary, or authorized agent may contact the borrower.

19  Further, based on the declaration, it is clear that Section 2923.5 was complied with.  *See* RJN,

20  Exhibit 2.  Additionally, as the recorded instruments indicate, JPMorgan acquired Washington

21  Mutual Bank's interest in the subject Loan.  No assignment was required to be recorded because

22  JPMorgan, as an acquirer of certain assets and liabilities of Washington Mutual Bank, FA, including

23  the interest in the Subject Loan, acquired Washington Mutual Bank's interest in the subject Loan.

24  *See* RJN, Exhibit 4.

25         Finally, even if Section 2923.5 was violated, Plaintiff is not entitled to the "expungement of

26  said Notice of Default from all records."  *See* SAC, ¶ 74.  The remedy for this alleged violation of

27  Section 2923.5 is MERELY postponement of the sale before it happens for lenders to comply with

28  these provisions. *See Mabry, et al. v. The Superior Court of Orange County,* 185 Cal.App.4[th] 208

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

17

**MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**

1  (2010). Here, despite the fact that the Notice of Trustee's Sale was recorded in June 2010 (*See,* RJN,

2  Exhibit 3), <u>there has been no sale of the Subject Property</u>. Indeed, Plaintiff's application for a loan

3  modification has been, and continues to be under review. Over two years later, the Subject Loan

4  remains in default and there has been no foreclosure sale of the Subject Property. SSUF No. 54,

5  SSUF 55.

6      The undisputed evidence shows that Defendants more than complied with Section 2923.5

7  prior to filing the Notice of Default. Thus, the very basis for Plaintiff's UCL claims fails.

8  Furthermore, Plaintiff's claim for Violation of Section 2923.5 is inapplicable to CRC. For all of the

9  above reasons, Defendants are entitled to summary judgment.

10  **V.    CONCLUSION**

11      Based on the foregoing, Defendants are entitled to summary judgment as to the entire SAC. In

12  the alternative, Defendants are entitled to partial summary judgment on one or more of the causes of

13  action in the SAC.

14

15  DATED:  August 6, 2012                  ALVARADOSMITH
                                            A Professional Corporation
16

17                                         By: /s/  S. Christopher Yoo
18                                             JOHN M. SORICH
                                               CHRISTOPHER YOO
19                                             Attorneys for Defendants
                                               CALIFORNIA RECONVEYANCE
20                                             COMPANY; JPMORGAN CHASE BANK,
                                               N.A., for itself and as AN ACQUIRER OF
21                                             CERTAIN ASSETS AND LIABILITIES OF
                                               WASHINGTON MUTUAL BANK FROM THE
22                                             FDIC ACTING AS RECEIVER; and as
                                               successor by merger to CHASE HOME
23                                             FINANCE LLC

24

25

26

27

28

18
3265477.2 -- AL109.W1426

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
*David Caravantes v. California Reconveyance Company, et al.*
USDC CA Southern Case No.: 10CV1407 CAB AJB

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ALVARADO SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On August 6, 2012, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT** on the interested parties in this action.

☒   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐   **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☒   **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 6, 2012, at Santa Ana, California.

Heather N. Kane

1
PROOF OF SERVICE

ALVARADO SMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1

**SERVICE LIST**
*David Caravantes v. California Reconveyance Company, et al.*
USDC CA Southern Case No.: 10CV1407 IEG AJB

2

3

David Caravantes                     Telephone: 858-490-1331
4    5189 Argonne Court                   Facsimile: 858-490-9191
San Diego, California 92117          E-Mail: dave@detomasenergy.com

5                                         Plaintiff in Pro Se

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

3009548.1 -- AL109.W1426